Lee *v.* The Central Railroad and Banking Company.

. The presence of one clinker of unusual size on the margin of a railway track where switching is to be done, and on which a brakeman accidentally steps in descending from a moving engine in the due course of his duties, will not render the company liable to

86   231
86   391

86   231
f129   388

answer for a personal injury which the brakeman thus sustains. For outdoor premises to be reasonably safe, it is not required that the surface shall be kept clear of every object which by chance might cause accidental injury.

November 23, 1890.

Negligence. Railroads. Practice. Before Judge HARDEN. City court of Savannah. July term, 1890.

· Reported in the decision.

GARRARD & MELDRIM, for plaintiff.

LAWTON & CUNNINGHAM and E. S. ELLIOTT, for defendant.

BLECKLEY, Chief Justice.

This being the first grant of a new trial, we should leave it to the general rule, were it not that, upon looking into the evidence, we are of opinion that a new trial would be wholly superfluous. For the plaintiff was his own witness, the defendant introduced no evidence, and on the case made by the plaintiff himself there can be no recovery. His injury was purely accidental. He was probably faultless himself and he certainly shows no fault on the part of the company, unless the company is to be treated as an insurer against accidents to its employees, which, of course, is not its legal character or relation. He was a brakeman and in the course of his duty stepped from the engine to the ground, the engine being in motion. In so doing he struck his right foot against a large clinker of coal-dross five or six inches through one way, and three or four inches the other. It was nearly covered up with other dross from the engine which he stepped into. That dross consisted of rakings from the furnace. These rakings do not generally consist of pure ashes, but sometimes have clinkers—generally so, unless they have been walked over long enough to be broken up. Frequently clinkers are so soft that walking over them will break them, and he had broken many. Generally a

good many piles of this dross are along the track.   He
could not say how far this particular pile extended.   He
had seen piles two hundred yards long.   Dross that
comes from the engines is taken from the side of the
track and used for ballast between the rails.   At that
time, a construction train was engaged in such removal.
This particular clinker was of unusual size, the average
being about as large as a hen-egg.   We have said the
injury was an accident.   It might be termed a double-
barrelled accident.   First, one clinker of unusual size
got into a pile of dross, and secondly, the plaintiff hap-
pened to step out upon that particular pile and struck
his foot against that particular clinker.   There is no
suggestion that the condition of the track or the neigh-
boring surface was unsafe, save in that one spot, and
there is no suggestion that the plaintiff's duty required
him to step off at that spot rather than any other.   Had
it not been for the mere chance of his selecting the par-
ticular few inches of space occupied by that one clinker,
he would have, in all probability, performed his duty in
safety.   It cannot be incumbent on railroad companies
or any one else in such a world as this, to keep the
whole face of the earth on which servants and employees
are to execute their functions clear of every object that
may cause an employee to slip up or be thrown down.
Such a rule would require that farmers should keep
their premises clear of corn-cobs; for a cob, when
stepped upon, may roll under the foot and produce a
fall.   So of small stones and sometimes sticks or other
rubbish.   The plaintiff's injury was simply a misfortune,
the incident of his employment and of the risk conse-
quent thereon.

In the exercise of our power of direction, we direct
that the court enter judgment for the defendant below
as in case of nonsuit, and that the motion for a new
trial and the judgment thereon be of no effect, except

to set aside the verdict and as a basis for this writ of error and a final disposition of the case.

*Judgment affirmed.*