ELIZABETH JOSLYN *vs.* MILFORD, HOLLISTON AND FRAMING-HAM STREET RAILWAY COMPANY.

Norfolk. March 4, 1903. — June 24, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence. Street Railway.*

In an action by a woman passenger against a street railway company for an injury sustained in alighting from a car of the defendant upon a narrow gravel embankment, if it appears that the embankment was not in a highway but on private land acquired by the defendant and within its exclusive control, that the conductor had stopped the car fifty feet beyond a level crossing at which the plaintiff seasonably had requested him to stop it, that within a few hours loose gravel had been deposited on the embankment, that the plaintiff was not cautioned in any way as to the security of the footing, and that when she stepped with one foot on the edge of the embankment it gave way, causing the injury, there is evidence on which a jury would be warranted in finding that the defendant was negligent in not notifying the plaintiff of the yielding nature of the recently deposited gravel upon its own roadbed where it had invited her to alight. Whether the conductor was negligent in failing to stop at the crossing is immaterial, that not being the proximate cause of the injury.

The provision of R. L. c. 112, § 44, requiring notice of the time, place and cause of an injury incurred in connection with the maintenance of the tracks of a street railway company in a public street, has no application to an action against a street railway company for an accident which occurred on a portion of its roadbed on land not in a highway and within the defendant's exclusive control.

TORT for personal injuries alleged to have been sustained through the negligence of the defendant and its agents and servants while the plaintiff was alighting from a car of the

defendant, with a second count alleging negligence in causing the car in which the plaintiff was a passenger to be stopped at an unsafe place and not warning the plaintiff thereof but negligently inviting her to alight upon some loose earth or gravel, which caused her to lose her footing, whereby she was injured. Writ dated January 19, 1901.

In the Superior Court the case was tried before *Richardson*, J. At the close of the plaintiff's evidence the judge directed a verdict for the defendant, with an agreement of the parties that after verdict the case should be reported to this court, and if this court should decide that upon the evidence the action could be maintained a new trial should be had for the assessment of damages only. In accordance with this agreement the judge reported the case for determination by this court.

*C. C. Mellen*, for the plaintiff.

*J. C. F. Wheelock*, (*W. Williams* with him,) for the defendant.

HAMMOND, J. We understand that this report presents to us the question whether the evidence would have warranted a verdict for the plaintiff.

We think that there was sufficient evidence to go to the jury on the question of her due care, and we do not understand the defendant to contend to the contrary.

The important question is whether there was evidence to warrant a finding of negligence on the part of the defendant, and it is not free from difficulty. The failure of the conductor to stop at the crossing, even if negligent, was not the proximate cause of the injury, and needs not to be further considered. If there was any negligence on the part of the defendant, it is to be found in the circumstances under which the plaintiff left the car.

As to these circumstances there is but little conflict of testimony. The location of the railway for about half a mile was not in the highway but upon private land, bought or leased of the owners by the defendant. The location was about twenty feet wide, was fenced upon each side, and was within the exclusive control of the defendant. For some distance, including the place of the accident, the rails were built upon an artificial gravel embankment, rising two or three feet above the natural surface of the ground, and having the usual slope. Its upper

edge on either side was substantially parallel with the rails and distant from twelve to fifteen inches outwardly therefrom. The plaintiff seasonably requested the conductor to stop the car at a crossing of a private way called Metcalf's Crossing, where the natural surface of the ground was substantially upon the same plane with the rails, but for some reason he failed to do as requested, and the car was stopped about fifty feet beyond the crossing, upon a part of the embankment above described, for the purpose of permitting the plaintiff and her companion to get out. It was a place over which the defendant had exclusive control. While it is true that it was evident to the plaintiff that this was not a place expressly provided for the landing of passengers, still the act of the conductor in stopping the car was an implied invitation to her to alight, and an implied representation that it was a proper place for that purpose. Since the surface of the embankment extended only twelve or fifteen inches outside the rail, it is plain that in any event the plaintiff, in stepping from the running board, would necessarily place her foot very near the edge. She knew this, but said that she supposed the surface of the embankment was " good solid ground." With this idea she stood upon the running board, stepped with one foot upon the edge of the embankment, the other foot still remaining upon the running board and her hand still clinging to the car, and, while in that position, the embankment gave way and her foot slid down on the side of it, and by reason of this strained position she was hurt. There was evidence tending to show that the gravel upon which the plaintiff stepped had been deposited there only a few hours, with a view to the placing of a switch near there, and the jury might have found that it had not been there long enough to get well settled, and was more liable to give way than if it had remained there a long time. The plaintiff was not cautioned in any way as to the security of the footing, but, as above stated, she was impliedly invited to alight there and impliedly told that it was a suitable place. Of course the case differs from the cases in which the plaintiff alights from a car upon a public street, over which the carrier has no control.

In view of the care required of common carriers for the protection of passengers, we think that the jury would have been

justified in finding that the defendant should have notified the plaintiff of the yielding nature of the recently deposited gravel, and that without at least such a notification a passenger, especially a woman somewhat advanced in years, as was the plaintiff, was liable to be injured; and that under the circumstances the defendant failed in its duty to exercise reasonable care to protect the plaintiff while alighting from its car by its own invitation upon its own roadbed.

No notice of the time, place and cause of the injury having been given in compliance with the terms of R. L. c. 112, § 44, the defendant contends the action cannot be maintained, but the history and language of that statute show that it was not intended to apply to a case like this, where the accident occurs upon the private property of the defendant. In accordance with the terms of the report there must be a

*New trial on the question of damages only.*