MARGARET THOMPSON vs. GARDNER, WESTMINSTER AND
FITCHBURG STREET RAILWAY COMPANY.
WALTER T. THOMPSON vs. SAME.

Worcester. October 2, 1906. — October 17, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence. Street Railway.*

It is not the duty of the conductor of a street car, which has stopped on a street of
a country town for passengers to alight, to warn a woman passenger about to
step from the car that there is a gutter between the car and the sidewalk in the
form of a ditch about one foot wide and about one foot deep, and, if the pas-
senger in alighting steps into the gutter and is injured, in an action brought by
her against the railway company operating the car for her injuries, the failure
of the conductor to warn her of the existence of the gutter is not evidence of
negligence on the part of the company.

TWO ACTIONS OF TORT, the first by a married woman for
personal injuries received when alighting from an open electric
car of the defendant on Park Street in the town of Gardner at
about eight o'clock in the evening of August 16, 1903, and the
second by the husband of the plaintiff in the first case for the
loss of her services by reason of her injuries. Writs dated
November 2, 1903.

In the Superior Court the cases were tried together before
*De Courcy*, J. The material evidence is described in the opin-
ion. At the close of the evidence the judge ordered verdicts
for the defendant; and the plaintiffs alleged exceptions.

*J. F. McGrath*, (*J. P. Carney* with him,) for the plaintiffs.

*J. A. Stiles*, for the defendant.

HAMMOND, J. These two actions brought to recover dam-
ages by reason of injuries received by the plaintiff in the first
action were tried together. We shall speak only of the first
because the second stands or falls with it.

The defendant's track ran by the side of the road; and
between the track and the sidewalk there was a gutter in the
form of a ditch about one foot wide and about one foot deep,
the nearest line of the ditch being two and one half feet from

the nearest rail of the track.    The car stopped for passengers to
alight.    It was about eight o'clock in the evening of the six-
teenth day of August.    As to the circumstances the plaintiff
testified that when the car stopped she stood up to get off on the
" usual side," "the left hand side"; that "there were people
standing between the seats and between her and the left hand
side (which was the street side); that she was standing facing
the front of the car with her right hand toward the sidewalk;
that she saw the conductor go around to the sidewalk side of the
car; that he passed right by them [herself and a little girl who
was with her] and did not offer to help her off; that she heard
one bell rung, and . . . [the] . . . little girl who was with her
hopped off, and then another bell rung, and she stepped on to
the running board, and then stepped off (on sidewalk side) from
the car, as she thought the car was going to start up; that she
stepped off with the left foot, and stepped right into the ditch;
that the bell did not ring but once, and that after the little girl
stepped off it rang again; that when she got on to the running
board she stood facing the sidewalk and looked out toward the
sidewalk and saw what she thought was level ground; that there
were no lights there; . . . that when she stepped into the ditch
she was hurt."

The car did not start until after she had alighted.    The place
where the car stopped was a part of the highway over which
the defendant had no control.    The case is thus distinguishable
from cases like *Joslyn* v. *Milford, Holliston & Framingham Street
Railway*, 184 Mass. 65.    " The street is in no sense a passenger
station, for the safety of which a street railway company is
responsible."    Barker, J. in *Creamer* v. *West End Street Rail-
way*, 156 Mass. 320, 321.    The plaintiff however contends that
it was the duty of the conductor to caution her against stepping
into the gutter, and that his failure to do so was negligence.
But this contention is untenable.    Gutters like the one described
are not uncommon features of streets in our country towns.    They
are generally between that part of the highway which is wrought
for public travel and the sidewalk.    The plaintiff knew that she
was alighting from the car upon the "sidewalk side," and the
conductor may well have assumed that she was familiar with
the existence of gutters and would govern herself accordingly.

His failure to warn her was not negligence.    See *Bigelow* v. *West End Street Railway*, 161 Mass. 393.

It is unnecessary to consider what would have been the duty of the conductor had there been some unusual cavity into which she was likely to fall.

*Exceptions in each case overruled.*