BESSIE ROSE *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex.   January 14, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.   Street Railway.*

In an action against a street railway company by a woman passenger for personal injuries incurred while alighting from a car of the defendant, after being told by the conductor to change to another car, by stepping on some yielding earth at a place where repairs were being made and spraining her ankle, if it appears that the accident occurred in a public highway where the repairs which required the change of cars and occasioned the presence of the soft earth

---

were being made by a railway company other than the defendant, over whose track the defendant operated its cars in that highway under an agreement which gave it no control of the track or repairs thereon, and if there is nothing to show that the conductor or the defendant or its agents knew or should have known that the ground on which the plaintiff stepped was likely to yield, and the plaintiff herself testifies that it appeared to her " as though everything was all right," that it " was kind of gravelly down there " and " looked level with the road," there is no evidence for the jury of negligence on the part of the defendant in selecting a place for the plaintiff to alight.

TORT for personal injuries incurred while alighting from a car of the defendant on September 20, 1904, at Winthrop Square. in Medford.    Writ dated March 9, 1905.

At the trial in the Superior Court before *Aiken*, C. J. the plaintiff testified that she lived in Malden and on the day of the accident took an open car of the defendant at Medford Square in that city to go to Lowell; that when the car arrived at Winthrop Square the conductor said, " Forward car for Lowell " or " Car for Lowell "; and that thereupon the plaintiff prepared to alight from the car.    What happened then the plaintiff described as follows:

" I took my little package and went to the right-hand side of the car, and putting my hand carefully on to the handle-bar, which I call it, and lowering my right foot on to the running-board, and then my left, and looking down I saw that some repairs had been done, but it looked and appeared to me as though everything was all right.    I knew that the running-board was high, and knowing so, I took a careful step down, and supposed that everything was all right; and I lowered my left foot to the ground, and found there was a little distance from where I had to go, so I let go gently down and as I did so my bearing on to the ground sunk in, something rolled and give and turned my ankle over and threw me to the ground."

On cross-examination the plaintiff testified " I did not see that the car track was dug up.    I knew they had been doing some repairs.    The road had been filled in again and it looked as though it was all right to me.    I did not look — well I did not see but what it was a good road.    It looked all right to me when I lowered my foot down.    It was kind of gravelly down there.    It looked all right as I put my foot down.    It looked level with the road.    I did not see that the earth was loose.    I

saw that there had been some repairs, but I cannot say that it was loose."

It was agreed that the car from which the plaintiff alighted was a car owned, controlled and operated by the defendant. It also was agreed that the tracks at the place of the accident were owned by the West End Street Railway Company, a corporation in no way controlled by or managed by the defendant; and that the repairs on the street, referred to in the testimony, were made by the Boston Elevated Railway Company, the lessee of the West End Street Railway Company, in consequence of the change from a single track to a double track location. The cars of the defendant were run over these tracks under an agreement with the West End Street Railway Company.

The Chief Justice ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Bennett,* (*H. Bergson* with him,) for the plaintiff.

*E. P. Saltonstall,* (*S. H. E. Freund* with him,) for the defendant.

MORTON, J. We assume in favor of the plaintiff that the evidence would warrant a finding that she was in the exercise of due care, that she did not cease to be a passenger in alighting in accordance with the conductor's directions to take another car for the purpose of being transported to her destination, and that, under the circumstances, the conductor was bound to exercise due care in selecting a place for her to alight and make the change. But we see no evidence that the conductor failed to exercise due care in selecting a place for her to alight. The change from one car to another was not rendered necessary by anything which the defendant had done or omitted to do. The repairs which rendered it necessary to make the change were being made by the Boston Elevated Railway Company, as lessee of the West End Street Railway Company, which owned the track and the defendant had nothing to do with them, and the place of the accident was a public highway. The case differs therefore, in essential particulars, from the case of *Joslyn v. Milford, Holliston & Framingham Street Railway,* 184 Mass. 65, relied on by the plaintiff. The plaintiff contends that the place where she was invited to alight was not a suitable place because of the yielding nature of the ground on which she stepped as she

got off the car, and which she contends caused the injury complained of. But there is nothing to show that the conductor or the defendant or its agents knew or in the exercise of proper care should have known that the ground where the plaintiff stepped down from the car was liable to yield. The plaintiff testified on direct examination that it appeared to her "as though everything was all right," and on cross-examination that "It was kind of gravelly down there. It looked all right as I put my foot down. It looked level with the road." The repairs were not made by the defendant as in *Joslyn* v. *Milford, Holliston & Framingham Street Railway, ubi supra,* and there is nothing to show, we think, that the conductor was not justified in assuming as the plaintiff did that the road was "all right."

*Exceptions overruled.*