## ZIPPERER *v.* SEABOARD AIR-LINE RAILWAY.

No cause of action was alleged in the petition, and the general demurrer thereto was properly sustained.

Submitted June 6,—Decided October 8, 1907.

Action for damages. Before Judge Seabrook. Effingham superior court. October 20, 1906.

*D. H. Clark,* for plaintiff. *J. R. Anderson,* for defendant.

EVANS, J. Zipperer sued the railroad company for damages from personal injuries alleged to have been caused by the negligence of the railroad company. The court dismissed the petition on general demurrer, and this is assigned as error. The plaintiff depended upon substantially the following allegations as showing the defendant's liability: The plaintiff was a train-hand upon one of defendant's work-trains; and was directed by the conductor in charge of the train to uncouple· one of the cars, that it might be placed upon the switch. In attempting to obey this command, and while walking along the side of the track, he violently struck his foot against a steel rail which lay in his path, and was thrown under the moving train, sustaining serious injuries. The rail against which he stumbled was· thirty feet long, weighing seventy pounds to the yard, and lying on its side, and presented a sharp projecting surface. The defendant's negligence was alleged to consist in permitting the steel rail to remain in a place where the defendant knew, or in the exercise of diligence could have known, that plaintiff, in the performance of his duties as

such train-hand, would be compelled to travel.    There is no allegation that it was not necessary for the railroad company to place the rail where it was, or that it was not placed there in a proper manner. .

We do not think the plaintiff makes a case of negligence against the railroad company.    The bare fact that a steel rail was placed on the road-bed, near its track, in full view of a passer-by can not be deemed a negligent act.    If so, a railroad company could never repair its track by placing necessary material at a convenient place, and in a proper manner, without subjecting itself to liability for every accident occurring on that account at that point.    As was remarked in the case of *Lee* v. *Central Railroad Co.*, 86 *Ga.* 233 (12 S. E. 307), by Bleckley, C. J., "It can not be incumbent on railroad companies, or any one else, in such a world as this, to keep the whole face of the earth on which servants and employees are to execute their functions, clear of every object that may cause an employee to slip up or be thrown down."    Besides, the plaintiff, though affirming in technical phrase that he was free from fault, does not explain why, in the broad open day, he did not see such a plain and distinct object as a steel track rail thirty feet in length.    We concur in the judgment of the superior court that no cause of action was set forth, and that the general demurrer was properly sustained.

> *Judgment affirmed.    All the Justices concur.*