## TURNER *v.* CITY ELECTRIC RAILWAY COMPANY.

LUMPKIN, J.   1.   Generally the duty which the law imposes upon an ordinary railroad company to provide and maintain a safe place for landing its passengers is not applicable to a street-car company operating its line along a public street of a city, and not stopping at regular places selected by it or providing places for passengers to get on and off of its cars, but stopping such cars at street crossings or various intermediate places upon signal from a passenger. *Macon Ry. & Light Co.* v. *Vining*, 120 *Ga.* 513 (48 S. E. 232).

2.   Under such circumstances it is the duty of the company, and its agents or employees representing it, to use due diligence to select a reasonably safe place for landing its passengers, and to make such selection with reference to getting off the car while it is at rest.

3.   The diligence due from a carrier of passengers for hire for the protection of its passengers is extraordinary diligence.   Civil Code, § 2266.

4.   While the charge of the court, that "In that connection I charge you it is the duty of the defendant in this case to provide for passengers, on their railway, a reasonably safe place to alight from the car, that is, to get off of the cars," was not accurately adjusted to the evidence in the case, standing alone it might not require a new trial; but the judge nowhere in his charge instructed the jury as to the duty of the defendant company in regard to selecting a reasonably safe place for the landing of passengers.

5.   The judge should not inform the jury that ordinary care on the part of a passenger requires him to do some particular thing, such as looking out for danger.

(a)   Charges that "If the plaintiff could have avoided the consequences of its negligence by ordinary care in looking out for danger and avoiding it," and that "If there was a safe place on one side of the car, and she chose to alight on the other side, which was not safe, and that unsafe condition would have been apparent to her had she used ordinary care in looking out for danger, and by ordinary care she could have avoided injury, she could not recover," were not accurately expressed.   The expressions "by ordinary care in looking out for danger and avoiding it," and "had she used ordinary care in looking out for danger," may have led the jury to understand that the court instructed them, as matter of law, that under the evidence ordinary care required the plaintiff to look out for danger.

6. The giving of a certain request in charge after the conclusion of the general charge, with the addition thereto, is not likely to occur on another trial, and need not be dealt with.

   *Judgment reversed.   Beck, J., absent.   The other Justices concur.*

AUGUST 9, 1910.

Action for damages.   Before Judge Wright.   Floyd superior court.   May 22, 1910.

*McHenry & Porter* and *W. M. Henry*, for plaintiff.

*Dean & Dean,* for defendant.