WADLEY SOUTHERN RAILWAY COMPANY *v.* DURDEN.

The court erred in overruling the defendant's demurrer to the petition.
SEPTEMBER 18, 1914.

Action for damages. Before Judge Rawlings. Emanuel superior court. February 22, 1913.

Linton Durden brought suit against the Wadley Southern Railway Company, formerly the Wadley and Mount Vernon Railroad Company, hereinafter called the defendant, and alleged substantially the following facts: On the 1st day of June, 1906, plaintiff was run over by an engine on the track of the defendant company, and his left leg was mangled in such manner that it had to be amputated. At the time of the injury he was in the employment of E. P. Rentz, who was granted the privilege of using the track of the defendant by virtue of a contract previously entered into between Rentz and T. J. James, who was the owner of that part of the track at the time of the contract, "which privilege was extended and granted to said E. P. Rentz by the said defendant company after it became the owner of said railway, including that part upon which the plaintiff was injured, according to the terms of said contract by consent of said E. P. Rentz and said T. J. James, the said defendant company agreeing with said Rentz and said James to carry out and perform that part of said contract obligatory on said James so far as the privilege of using the railway and franchises of said defendant company was concerned, granted to said Rentz according to said terms of said contract," a copy of

which was attached to the petition and the material portions of which are as follows: James rented to Rentz a sawmill outfit and fixtures known as the James Lumber Company sawmill, including all shanties, offices, and dry kilns, log tracks and log trucks, and also all railroad track in and around said mill known as the mill tracks. James, as sole owner of the Wadley and Mt. Vernon Railroad Company, entered into certain agreements, contained in the contract, with reference to the free use of the railroad from "Rixville to Big Ohoopee River," free of charge, for the purpose of hauling logs with the log train, and as to freights to be paid on other portions of the railroad beyond these limits in each direction; and certain other agreements as to the conducting of commissary privileges, the honoring of checks by James drawn by Rentz, and the furnishing of wood from the mill to James. The fourth paragraph of the petition alleged: "In this connection your petitioner respectfully submits that if said defendant company had any knowledge of said contract and did not adopt the same as hereinabove alleged, it is nevertheless liable to your petitioner for damages aforesaid, for the reason that it permitted said Rentz to use said track and railroad of said defendant company and acquiesced in his using said road and track, yards, switches, water-tanks, as hereinafter alleged, for several months after the date of said contract, said defendant company being fully cognizant of the fact that said Rentz was using the track, railroad, switches, water-tanks, and yards of said defendant company, and exercising the rights and privileges granted to said defendant company by its charter, without making any objection whatever; and therefore your petitioner maintains and herein alleges that said defendant company consented to such use of said Rentz of its road, track, yards, switches, water-tanks, etc., and the exercise of said rights and privileges by said Rentz, granted to said defendant company by its charter; and therefore your petitioner maintains that he acted in good faith in being and working upon the track and yards of said company and doing the things which he was required to do by said Rentz as above stated, believing and herein maintaining, from the conduct of said defendant company in permitting and impliedly consenting thereto, the said E. P. Rentz had a right to use the track, yards, switches, water-tanks, etc., as hereinafter stated, that petitioner had a right to be upon the railroad track and yards of said defendant company, performing the

duties assigned to him by said E. P. Rentz, as hereinafter stated, in view of the facts above stated. Your petitioner alleges that when he sustained said injury that he was a licensee of said defendant company, and in that capacity brings and will maintain his suit against said defendant company for the damage aforesaid." Plaintiff was employed by Rentz to fire the engine which ran over and injured him, and to couple cars and throw switches in and about the railroad yards at Adrian, the place where he was injured, a station of the defendant, and was at the time in the employment of Rentz and in the discharge of the duties assigned him. The injury was sustained on the side-track of the defendant. At the time of the injury the engine was being backed by the engineer while plaintiff had gone down the track to fix a link on the water-tank to which they intended to couple the engine. He had fixed the link on the tank, and was going towards the engine to fix the pin on the engine so that it would couple to the tank; and when in about thirty feet of the engine, which was slowly backing, the heel of his shoe was caught between a cross-tie and an iron bar which guides the rail in throwing the switches, and, being unable to extricate himself, he began to cry aloud to the engineer to stop the engine, but the engineer, not hearing or seeing him, failed to stop and the engine ran over his leg and caused the injury. Between the cross-tie and the iron bar there was a washout, or hole dug out, and on account of this hole plaintiff was caught in the position stated; and if there had been no washout, or hole dug out, and the surface had been level, as it should have been at that place, the accident would not have happened, and he would not have sustained the injury. At that time he was sixteen years old and earning one dollar per day, etc. It was alleged that the defendant was negligent in that it was the duty of the defendant to the public and to the plaintiff, or to any one else who had a right to be on the track, to have kept the track where the plaintiff was injured, and all other places of like kind on the road of the defendant, smooth, level, and solid, and in such condition as to prevent washouts, or a hole dug out; but the defendant company negligently omitted to do so, etc. The defendant knew or should have known of the defect in ample time to have repaired it, and to have prevented the injury. Plaintiff was free from fault, for the reason that the duties assigned to him were such as not to require him to be alert to discover such defects,

and nothing came within his observation to prompt him to make an investigation with a view to discover such defects, and his means for knowing of such defects were not equal to those of the defendant company, he not being an employee of the defendant as a road hand or otherwise. He did not know at the time he sustained the injury, and could not have known by the exercise of ordinary diligence, that the washout, or hole dug out, was in existence at the point where he was injured. The defendant's demurrer to the petition was overruled by the court, and exceptions were filed. The case proceeded to trial; the jury returned a verdict for the plaintiff; a motion for new trial was overruled, and the defendant excepted.

*Lawton & Cunningham* and *Saffold & Jordan,* for plaintiff in error.

*A. E. Smith, Williams & Bradley,* and *L. D. Lightfoot,* contra.

HILL, J. The foregoing statement of facts, which substantially sets forth the plaintiff's cause of action, was subject to the demurrer filed, and the court erred in not sustaining it. As this ruling is controlling, the other assignments of error need not be considered. Assuming that the plaintiff was a licensee upon the tracks of the defendant company as alleged, the defendant owed to him the duty of furnishing a safe track on which he and his employer might run its cars and perform the work incident thereto. See *Killian* v. *Augusta & Knoxville R. Co.,* 79 *Ga.* 234 (4 S. E. 165, 11 Am. St. R. 410). According to the allegations of the petition, on the day the injury occurred the engineer of the engine on which the plaintiff worked as fireman was backing his engine down the track, and the plaintiff had gone down the track to fix a link on the water-tank to which he intended to couple the engine. After the link was fixed the plaintiff went towards the engine to fix the pin on the engine so that it would couple to the tank, and when in about thirty feet of the engine, which was slowly backing, the heel of plaintiff's shoe was caught between a cross-tie and an iron bar which guides the rail in throwing the switches; and being unable to extricate himself, the plaintiff began to cry aloud to the engineer to stop the engine, but the latter, not hearing or seeing him, failed to stop the engine, and it ran over the plaintiff's leg, causing the injury. It was alleged that between the cross-tie and the iron bar there was a washout, or hole dug out, and on account of this hole the heel of plaintiff's shoe was caught as above described, and he

was injured; and it was alleged that if there had been no washout, or hole dug out, and the track had been kept smooth and level, the accident would not have happened and the plaintiff would not have sustained the injury. We do not think that these allegations show that the defendant was so lacking in the exercise of ordinary care and diligence in furnishing a safe track as to subject it to damages where injury resulted from a condition as set forth in the petition. Relatively to the plaintiff, the defendant was not under a duty to keep a perfectly smooth and level track and road-bed. At most, its duty to him was not more than to use ordinary care to keep a reasonably safe track and road-bed. There was no allegation that the bar or cross-tie was in any way defective, or that there was any negligence in regard to their construction or maintenance. The case sought to be made by the plaintiff turned upon the fact that there was a hole, which he alleged in the alternative was either dug out or washed out, and in some way the heel of his shoe got caught between a cross-tie and an iron bar by reason of this hole. There was no allegation that the defendant, or its agents, made or dug the hole; nor was there any allegation as to its character. So that, on the first branch of the alternative allegation, no case was made out. On the other branch of such allegation, as to the hole having been washed out, there was no allegation as to its extent or character, or how long it had existed. Even if the allegations by which it was sought to impute notice to the defendant were sufficient to withstand a general demurrer, nevertheless there was a failure to show negligence on the part of the defendant, relatively to the plaintiff, in not changing the status. The allegations entirely fail to show that the mere existence of some kind of a hole, or washout, along the defendant's track constituted negligence relatively to the plaintiff. In a vague sort of way it is said that the heel of his shoe would not have caught but for the hole; but the allegations are entirely insufficient to show negligence on the part of the defendant as to the plaintiff, with damage proximately resulting therefrom.

*Judgment reversed. All the Justices concur.*