5999.  BIRD *v.* SAVANNAH ELECTRIC CO.

The court did not err in sustaining the general demurrer and dismissing the petition.

DECIDED JUNE 11, 1915.

Action for damages; from city court of Savannah—Judge Davis Freeman.  August 22, 1914.

*Oliver & Oliver,* for plaintiff.
*Osborne & Lawrence,* for defendant.

BROYLES, J.  The petition alleged, that the defendant company's street-car, upon which the plaintiff was a passenger, stopped at the intersection of Liberty and Habersham streets (at about the property line thereof), with the result that the rear end of the car, from which she was compelled to alight, was standing immediately over a sandy portion of Habersham street, making the step to the ground long and difficult, but, inasmuch as the defendant had stopped the car at that point for her to alight, she was obliged to use the only place and the only means afforded her to alight; that the point where the said car was stopped, and over which was the rear step from which she was compelled to alight, was covered with

heavy sand, and in stepping down from the step of the car to the roadway of the said street, the middle of her foot struck the top of a large rock imbedded in the sand, with the point thereof sticking up above the surface of the ground, with the result that the heel of her shoe was caught upon the top of the said rock, her toe was thrust downward, her ankle turned, and she sustained a severe wrench and strain, and bruised her entire right foot and ankle; that the rock upon which she stepped was six or eight inches in diameter, somewhat triangular in shape, extending upward to a point, the base thereof being imbedded in the sand, so as to present a rather solid obstruction; and the said rock, together with the sandy surface of the street, constituted an improper, defective, and dangerous place, at which she was compelled to alight; that the defendant is responsible entirely for the injuries sustained by her, because of the fact that it did not furnish to her a safe, suitable, and convenient place to alight; that at the time of receiving her injuries she was a passenger, and was in the exercise of all ordinary and reasonable care and diligence for her own safety, and was free from fault.

Generally the duty which the law imposes upon an ordinary railroad company to provide and maintain a safe place for landing its passengers is not applicable to a street-car company operating its line along the public street of a city, and not stopping at regular places selected by it or providing places for passengers to get on and off of its cars, but stopping the cars at street-crossings, or various intermediate places, on signal from a passenger. It is, however, the duty of the street-car company to use diligence in selecting a reasonably safe place for landing its passengers, and to make such selection with reference to the passengers getting off the car while it is at rest. *Turner* v. *City Electric Railway Co.*, 134 *Ga.* 869 (68 S. E. 735). See also *Macon Ry. Co.* v. *Vining*, 120 *Ga.* 511, 513 (48 S. E. 232). As was said in *Creamer v.* West End Street Ry. Co., 156 Mass: 321, 322 (31 N. E. 391, 16 L. R. A. 490, 32 Am. St. R. 456): "The street is in no sense a passenger-station, for the safety of which the street-railway company is responsible. . . When a common carrier has the exclusive occupation of its tracks and stations, and can arrange and manage them as it sees fit, it may be properly held that persons intending to take passage upon or to leave a train have the relation and rights of pas-

sengers in leaving or approaching the cars at a station. . . But one who steps from a street-railway car to the street is not upon the premises of the railway company, but upon a public place where he has the same rights with every other occupier, and over which the company has no control."

The instant case is, in many respects, similar to *Wadley Southern Ry. Co.* v. *Durden,* 142 *Ga.* 361 (82 S. E. 1055). In that case Durden, while upon the tracks of the defendant company as a licensee, caught the heel of his shoe between a cross-tie and an iron bar, and, before he could extricate himself, was run over by an engine of the defendant company. He alleged in his petition that between the cross-tie and the iron bar there was a washout, or hole dug out, and that on account of this hole the heel of his shoe was caught as above described. He alleged also that if there had been no hole dug out, and if the track had been kept smooth and level, the accident would not have happened. He further alleged that it was the duty of the defendant to the public and to him, or to any one else who had a right to be on the track, to have kept the track where he was injured, and all other places of like kind on the road of the defendant, smooth, level, and solid, and in such condition as to prevent washouts, or a hole dug out, but that the defendant negligently omitted to do so; that the defendant knew or should have known of the defect in ample time to have repaired it, and to have prevented the injury; that the plaintiff was free from fault, for the reason that the duties assigned to him were such as not to require him to be alert to discover such defects, and nothing came within his observation to prompt him to make an investigation with a view to discover such defects, and his means for knowing of such defects were not equal to those of the defendant, he not being an employee of the defendant, as a road-hand or otherwise; that he did not know, at the time he sustained his injury, and could not have known by the exercise of ordinary diligence, that the washout, or hole dug out, was in existence at the point where he was injured. In that case the demurrer to the petition was overruled by the trial court, and this judgment was reversed by the Supreme Court, which held that the demurrer should have been sustained and the petition dismissed.

In the instant case it is not alleged how the rock which caused the plaintiff's injury came to be there, or that the defendant put it

there, or that the defendant knew it was there, or knew how long it had been there, or had an opportunity of finding out that it was there. So far as the allegations of the petition are concerned, the rock might have been placed there only a few minutes before the accident. There was no allegation that there was anything about the place to indicate to the company that it was not a reasonably safe place for landing its passengers. The petition alleges that the street was covered with heavy sand, and this would have made it an apparently safe place for persons to alight. The petition did not allege that by any degree of care the defendant could have discovered the presence of the rock. In our opinion there is no material difference between the *Durden* case, supra, and the instant case. It is true that in that case the defendant was only required to exercise ordinary care, while in this case it was the defendant's duty to exercise extraordinary care. But this makes no substantial difference, because there was no allegation in the petition here that there had been anything to put the defendant upon notice that the place was unsafe, or that by the exercise of extraordinary care it could have found out that it was unsafe.

In our opinion the court did not err in sustaining the demurrer and in dismissing the petition.　　　　*Judgment affirmed.*