### 7984. GRAHAM v. SAVANNAH ELECTRIC COMPANY.

WADE, C. J. The adjudication of this case is controlled in principle by the decision in *Bird* v. *Savannah Electric Co.*, 16 *Ga. App.* 453 (83 S. E. 621), as the material facts in both petitions are substantially the same. There was no error in sustaining the demurrer and dismissing the suit.          *Judgment affirmed.   George and Luke, JJ., concur.*

DECIDED MARCH 19, 1917.

Action for damages; from city court of Savannah—Judge Davis Freeman.   October 4, 1916.

The petition as amended alleged, in substance, that the plaintiff boarded a car of the defendant's electric railway in the city of Savannah, and paid her fare as a passenger, with the intention of being transported to Duffy and Ott streets, and remained on the car until it reached these streets; that on nearing the south side of Duffy street the car stopped, on signal, but the stop was made four or five feet from the crossing sidewalk; that in alighting she took the hand-hold of the car with her left hand, and stepped down, and, in so doing, stepped upon a large cobblestone about seven inches in diameter, which was directly opposite the car step, about four or five feet from the crossing sidewalk, with the result that she was thrown flat into the street, and received bodily injuries described; that this cobblestone came from the cross sidewalk at Duffy street, and that between the tracks at this point the pavement had been loose for some time. · It was alleged that the injuries described were due entirely to the negligence of the defendant as follows:    (1) The defendant, a common carrier, obliged to render extraordinary care in the selection of a suitable alighting place for its passengers, did not in this particular select a reasonably safe place for the plaintiff to alight, in that its agents stopped the car four or five feet short of the crossing sidewalk, and did not stop the car in a safe place for the plaintiff to alight. (2) · The said obstruction in the street was known, or should have been known, to the agents and employees of the defendant; and these agents and employees—the crew of the car—did not warn the plaintiff against this dangerous obstruction.   (3) The employees in charge of the car were negligent in that they stopped the car four or five feet short of the proper stopping place; the proper stopping place being at the sidewalk of the cross street, if that place is safe, or at any other safe place that the agents of the defendant should select.

*Oliver & Oliver, L. A. Pinkussohn,* for plaintiff, cited: *Turner* v. *City Electric Ry. Co.,* 134 *Ga.* 869; *Macon Ry. Co.* v. *Vining,* 120 *Ga.* 511; s. c. 123 *Ga.* 770; *Ga. Ry. & Elec. Co.* v. *McAllister,* 126 *Ga.* 447; *Augusta R. Co.* v. *Glover,* 92 *Ga.* 133; *Wilkes* v. *W. & A. R. Co.,* 109 *Ga.* 794; *Ga. R. Co.* v. *Usry,* 82 *Ga.* 54; *Pacetti* v. *Central Ry. Co.,* 6 *Ga. App.* 97 (1); (distinguished) *Bird* v. *Savannah Elec. Co.,* 16 *Ga. App.* 453.

*Osborne, Lawrence & Abrahams,* for defendant, cited: *Bird* v. *Savannah Elec. Co.,* supra; *Carroll* v. N. O. Ry., 132 La. 683; *Fuller* v. Detroit Ry., 142 N. W. 572; *Rose* v. Boston Ry., 194 Mass. 415 (80 N. E. 580).