8027. NAYLOR *v.* CHICKAMAUGA QUARRY AND CONSTRUCTION COMPANY.

LUKE, J. The petition did not set forth a cause of action, and the court did not err in sustaining the demurrer. *Cowart* v. *Southern Marble Co.*, 144 *Ga.* 254 (87 S. E. 282); *Wadley Southern Ry. Co.* v. *Durden*, 142 *Ga.* 361 (82 S. E. 1055).

*Judgment affirmed.* *Wade, C. J., and George, J., concur.*

DECIDED APRIL 9, 1917.

Action for damages; from city court of Savannah—Judge Davis Freeman. December 19, 1916.

The petition as amended alleges, that the plaintiff was employed by the defendant company as timekeeper and keeper of stores at the work performed by the company on a certain warehouse which was being constructed. The defendant was constructing the concrete floor of the warehouse and had complete charge of the same. On September 4, 1916, the plaintiff, in the performance of his duties, was going from the defendant's office into a compartment in the northwestern section of the building, on the concrete floor constructed by and in the charge of the defendant, over the path or way usually traversed by the employees of the defendant, when he stepped upon a forty-penny nail sticking through a piece of board lying with its point upward on the concrete floor, and received injuries described. The nail was negligently and carelessly left on the floor by the defendant in a place where the plaintiff was required to go in the performance of his duties. The plaintiff was not warned by the defendant that the nail was on the floor. A piece of paper about four inches wide and five inches long had blown up against the nail and board, so that, coming upon it from the direction from which the plaintiff came, he could not see the nail or board, but it was apparent from the other side. He was free from fault, he was where he had a right to be, he was in the performance of the duties of the defendant at the place of work provided for him by the defendant, he did not know the nail was sticking up on the floor, and he did not have equal means with the defendant of knowing this fact, and could not by the exercise of ordinary care have known of it. The defendant was charged by law with furnishing him with a safe place of work, and, if there were dangers, of warning him what such dangers were. The defendant left the nail, or caused it to be left, on the floor, and by

the exercise of ordinary care could have discovered it. A reasonable inspection of the premises would have disclosed the nail, but the defendant did not make an inspection of the premises to learn of dangers to the employees. The defendant was negligent, (1) in leaving the nail on the floor in such manner that it would injure the plaintiff or his fellow laborers, (2) in not causing the nail to be removed from the floor so as to keep the plaintiff and his fellow laborers from being injured, (3) in not inspecting the premises so as to discover that the nail was so exposed on the floor, and (4) in not warning the plaintiff that the nail was on the floor and dangerous to him in going over the floor in the discharge of his duties. Each of these acts of negligence concurred in causing the injuries complained of.

The defendant demurred to the petition on the ground that no cause of action was set forth, and by special demurrer made the contentions, among others, that the petition did not affirmatively allege facts showing why the plaintiff did not have equal means with the defendant of knowing the facts referred to; and that the petition did not allege why the premises should be inspected or what employee failed in the duty of inspection. The court sustained the general demurrer, as well as these special grounds, and dismissed the petition.

*David S. Atkinson,* for plaintiff, cited: *Austin* v. *Appling,* 88 *Ga.* 54 (2) ; *Duke* v. *Bibb Mfg. Co.,* 120 *Ga.* 1074; *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609 (3) ; *Woodson* v. *Johnstone,* 109 *Ga.* 454; *Eagle & Phenix Mills* v. *Herron,* 119 *Ga.* 389 (1) ; *Pierce* v. *Seaboard Air-Line Ry.,* 122 *Ga.* 664; *Southern States &c. Co.* v. *Helms,* 2 *Ga. App.* 308 (1b) ; *Green* v. *Babcock,* 130 *Ga.* 469 (2) ; *King Mfg. Co.* v. *Walton,* 1 *Ga. App.* 403 (3) ; *Ga. Railroad* v. *Hunter,* 12 *Ga. App.* 294; *Chenall* v. *Palmer,* 117 *Ga.* 106 (4) ; *Burns* v. *Ocean Steamship Co.,* 84 *Ga.* 709.

*Osborne, Lawrence & Abrahams,* for defendant, cited: *Cowart* v. *Southern Marble Co.,* 144 *Ga.* 254; *Wadley Southern Ry. Co.* v. *Durden,* 142 *Ga.* 361; 3 Labatt, Master and Servant, 2466.