*T. H. Shanks,* contra.

---

10160.  ALEXANDER *v.* ATLANTIC COAST LINE RAILROAD COMPANY

STEPHENS, J.  The petition, construed most strongly against the pleader, failed to set out a cause of action, and the court did not err in dismissing it on general demurrer.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
DECIDED SEPTEMBER 18, 1919.

Action for damages; from Charlton superior court—Judge Summerall. September 13, 1918.

The injuries sued for were alleged to have been received when, in descending from the cab of a locomotive on which he was at work qualifying himself as an engineer, the plaintiff struck with his foot a lump of coal on a step of the locomotive and slipped, striking his leg against the step and then against the exposed end of a cross-tie. It was alleged that the injuries were due entirely to fault and negligence of the railroad company, (1) because it did not furnish to him a suitable and proper step upon which to descend from the locomotive; (2) because the ties and road-bed where he was injured were unsafe and dangerous to persons rightfully on the premises of the company; and (3) because the company did not furnish to him a safe and suitable place in which to perform the duties required of him.

The petition as amended alleged, in substance: On July 2, 1912, W. J. Pamplin, a master mechanic of the said railroad company, gave petitioner written authority to ride upon its engine for the purpose of qualifying as a main-line engineer and learning the road over which petitioner was to run as such engineer. The said written authority was as follows: "Engineer Atlantic Coast Line R. R. Co., Engineers Savannah District. Permit bearer, Mr. P. Z. Alexander, to ride on your engine for the purpose of qualifying for main-line engineer. Very truly yours, W. J. Pamplin, Master

Mechanic, Waycross, Ga., July 2, 1912." For the purpose of so learning the line of said railroad company, on July 6, 1912, petitioner was riding engine No. 242, pulling train No. 33 of the Atlantic Coast Line Railroad Company, bound for Jacksonville, and while so riding the engine, when in the town of Folkston, Charlton county, Georgia, the engineer then and there in charge of the engine, whose orders it was his duty to obey, instructed him to fill the main-rod cup with oil. Under the universal custom of the defendant company the engineer in charge of the engine is the supreme authority upon the engine. It is likewise the universal custom observed by the defendant company that when an engineer is riding an engine for the purpose of learning the road, he is under the direction and control of the engineer in charge of the engine, and it is his duty to obey the said engineer's orders. Refusal to do so will terminate the employment of the engineer thus learning the road. Petitioner, in order to carry out the engineer's instructions, took the necessary implements and started down the steps of the engine. The railroad company had permitted a large lump of coal, approximately six inches in diameter, to become lodged on the step leading from the cab of the engine, rendering the step dangerous, defective, and a menace to the employees of the company. The road-bed where the engine was then standing was likewise in a dangerous, unsafe, improper, and defective condition, for the reason that dirt had been dug out from between the ties of the road-bed by employees of the railroad company, so that the ends and sides of the ties were uncovered and projected above the ground for a distance of approximately eight inches. The track could have been rendered safe and suitable for the employees of the company by having the spaces between the ties filled with dirt so that the ends of the ties would be approximately flush and level with the ground. In descending from the engine petitioner seized with his hand the grab-iron on the engine and tender, provided for that purpose, and, with his back outward, proceeded to step down from the cab-flooring to the steps, between the cab and the tank on the right-hand side of the engine, thus intending to reach the ground. This was the usual and ordinary way to alight from the cab. On one arm he had a bucket of grease and on the other arm a bucket of water; in one hand he had a monkey-wrench; he was using his free hand and the hand holding the monkey-wrench

in holding to the grab-iron on the side of the cab and tender, to assist him in descending. The lump of coal was on the first of two steps making up a set of steps. In stepping from the cab his foot struck the lump of coal on the step, with the result that he was caused to miss his footing and slip to the ground, striking the inside of his right thigh against the step of the engine, and the muscle of the calf of his right leg against the said cross-tie, and inflicting upon him serious injury (described). It was alleged that he was in his proper place, carrying out the orders of his superior, acting in the interest and behalf of the company, and in the exercise of ordinary and reasonable care, did not know of the dangers mentioned above, did not have equal means with the defendant of discovering them, and could not in the exercise of ordinary care have discovered them, and was free from fault; and that his injuries were due entirely to negligence of the defendant, as set out at the beginning of this report.

The defendant demurred to the petition specially and generally; the court overruled the special grounds and sustained the general demurrer and dismissed the petition; and the plaintiff excepted. In the brief of counsel for the defendant it is contended that under the allegations of the petition the plaintiff must be treated as a mere volunteer or a licensee, and not as an employee of the railroad company; that it does not appear that he was on the engine as an apprentice or to learn the duties of an engineer, or that the master mechanic had authority to employ him or to permit him to ride on the engine; that the presence of the coal on the step of the engine and the condition of the road-bed did not constitute negligence as to the plaintiff; that his means of knowing of the coal on the step were equal to or better than those of the defendant; that he assumed the risk; that relatively to him the defendant was not under a duty to keep a level road-bed; that the alleged negligence was not the proximate cause of the injury; and that the case falls within the principle of mere accident.

*Oliver & Oliver,* for plaintiff, cited: *Ga. Railroad* v. *Hunter,* 9 *Ga. App.* 383; *So. Ry. Co.* v. *Puckett,* 16 *Ga. App.* 551; *Fenelon* v. *So. Ry. Co.,* 143 *Ga.* 26; *Choctaw &c R. Co.* v. *Tennessee,* 191 U. S. 334 (48 L. ed. 201).

*Bennet, Twitty & Reese, Wilson & Bennet,* for defendant, cited: Civil Code (1910), §§ 3476, 3131; 1 Labatt, M. & S., 9, 16-17, 46;

*Wadley So. Ry. Co.* v. *Durden,* 142 *Ga.* 361; *Cen. of Ga. Ry. Co.* v. *Mullins,* 7 *Ga. App.* 381; *Naylor* v. *Chickamauga Quarry &c. Co.,* 19 *Ga. App.* 714; *Bird* v. *Savannah Electric Co.,* 16 *Ga. App.* 453; *Stewart* v. *S. A. L. Ry.,* 115 *Ga.* 624; *Lee* v. *Cen. R. Co.,* 86 *Ga.* 231; *East Tenn. &c. Ry. Co.* v. *Reynolds,* 93 *Ga.* 570; Harriman *v.* Chicago &c. R. Co., 50 L. R. A. (N. S.) 552; Black, Accident Cases, sec. 8; Nelson *v.* So. Ry. Co. (N. C.), 86 S. E. 1036, and cit.; 3 Labatt, M. & S. (2d ed.), sec. 919; Virginia &c. Co. *v.* Kiser, 105 Va. 695; Persinger *v.* Alleghany &c. Co., 102 Va. 350.— *Ga. R.* v. *Hunter, So. Ry. Co.* v. *Puckett,* and *Fenelon* v. *So. Ry. Co.,* supra, distinguished.