COMMONWEALTH, *vs.* ALLEN H. MACKENZIE.

Suffolk.   March 11, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Practice, Criminal,* Trial of one defendant indicted jointly with another, Conduct of trial.   *Evidence,* Admissions and confessions, Statements of co-conspirator. *Constitutional Law,* Right of one accused of crime not to incriminate himself. *Conspiracy,* Trial of one defendant alone, Statements of co-conspirator.

An indictment against two defendants for conspiracy to steal money from a certain person can be tried against one of the defendants alone in the absence of his alleged co-conspirator in parts unknown.

At the trial of an indictment for conspiracy to steal money from a certain person the testimony of the defendant, given before the grand jury when the transactions on which the indictment was based were the subject of inquiry, may be put in evidence against him, if the presiding judge fully guards the defendant's rights and instructs the jury not to consider the evidence unless they are satisfied that the statements were made by the defendant voluntarily and after he had been informed that he was not obliged to furnish any evidence tending to incriminate himself.

At the trial of one of two defendants indicted jointly for conspiracy to steal money from a certain person, the other defendant being absent in parts unknown, after evidence of the existence of an unlawful conspiracy between the two defendants has been presented, the presiding judge may admit in evidence statements of the absent defendant not made in the presence of the defendant on trial, if he instructs the jury that in determining the preliminary question whether a conspiracy existed they must consider only the acts and declarations of the defendant on trial, and must not consider the alleged declarations of the absent defendant as against the defendant on trial unless and until the evidence of the conduct and statements of the defendant on trial satisfy them that he was engaged in an unlawful conspiracy with the absent defendant.

At the trial of an indictment for conspiracy as in other trials the order in which evidence shall be allowed to be introduced is within the discretion of the presiding judge.

INDICTMENT, found and returned on March 11, 1911, charging that William Marrison, otherwise called William F. Pray, and Allen H. MacKenzie on March 1, 1911, at Boston conspired together to steal the property, money, goods and chattels of Wesley A. Gove.

On motion of the defendant a bill of specifications was filed, which set forth that between January 1 and March 15, 1911, at Boston "the defendants conspired together to defraud one Wesley

A. Gove of a large sum of money by means of a certificate for one hundred shares of the stock of the Northern Pacific Railroad Company, and which certificate was worthless."

In the Superior Court the case was tried before *Chase,* J., against the defendant MacKenzie alone, hereinafter called the defendant. Before the jury were empanelled the defendant moved that the indictment be dismissed, alleging the following ground: "Where two defendants are indicted both of whom are named, for conspiracy, one defendant cannot be tried in the absence of the other as a verdict for or against one is a verdict for or against the other and in order to try a defendant he must be present in court." The judge denied the motion.

The testimony given by the defendant before the grand jury, which is referred to in the opinion, was testified to by the official stenographer who took it down. It related to the transactions on which the indictment was based. It appeared from the stenographer's statement that before the defendant was sworn as a witness the assistant district attorney made to him the following statement: "I want to apprise you of your rights here in the grand jury room. The grand jury, of course, may indict you or anybody else. They may indict me or anybody they please on your own statements or on my statement, whether they receive it here in evidence or whether they receive it independently, and any statement that you may make here, if the grand jury see fit, they may indict. You may refuse to answer any question that is put to you on the ground that it has a tendency to incriminate you. If you do refuse to answer on that ground you must state so. Now, do you fully understand your rights, or do you wish me to explain it any more fully?" The defendant answered, "I think I do." The instruction of the judge in regard to this matter is described in the opinion.

The circumstances attending the admission of the statements of Marrison made in the absence of the defendant, to which the defendant excepted, are described in the opinion.

The first and the sixth rulings requested by the defendant and refused by the judge, which are referred to in the opinion, were as follows:

"1. Upon all the evidence in the above entitled case a verdict should be ordered of 'Not guilty.'"

"6. If the jury find that the certificate of Northern Pacific stock had a value of $100 or more, then the certificate was not worthless and the indictment has not been sustained."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. M. Schwarzenberg*, for the defendant.

*T. D. Lavelle*, Assistant District Attorney, for the Commonwealth, submitted a brief.

DeCourcy, J.   1.   In the absence of the alleged co-conspirator Marrison, whose whereabouts was unknown to the prosecution, the trial proceeded against the defendant alone.   The motion to dismiss the indictment on that ground was rightly denied. *People* v. *Richards*, 67 Cal. 412.   *State* v. *Buchanan*, 5 H. & J. 500. *Rex* v. *Kinnersley*, 1 Stra. 193.   *Regina* v. *Ahearne*, 6 Cox C. C. 6. 1 Russ. Crimes, (7th ed.) 147, 148, notes.

2.   The defendant's testimony before the grand jury was properly admitted at the trial.   The judge fully guarded the defendant's legal rights, and instructed the jury not to consider this evidence unless they were satisfied that the statements were made by the defendant voluntarily and after he had been informed that he was not obliged to furnish any evidence tending to incriminate himself.   This unrestricted constitutional guaranty against incriminating testimony by one accused of crime was established when a defendant was not allowed to be a witness in his own behalf, and need not be extended under present day conditions.   Certainly the fact that statements freely made by the defendant under oath tend to show that he conspired to steal the property of another is no reason for excluding them in a proceeding instituted to investigate the truth as to an alleged crime and to safeguard the interests of the community.   *Commonwealth* v. *Mead*, 12 Gray, 167.   *Higgins* v. *State*, 157 Ind. 57.   *State* v. *Robinson*, 32 Ore. 43.

3.   No error is shown in the admission of statements made by the alleged co-conspirator Marrison in the absence of the defendant. Before this testimony was introduced the prosecution had offered the defendant's testimony before the grand jury, which, presumably, satisfied the trial judge that a *prima facie* case of unlawful conspiracy had been made out.   Further, in his charge the judge clearly and fully instructed the jury that in determining the preliminary question whether a conspiracy existed, they must con-

sider the acts and declarations of the defendant alone; and he carefully cautioned them not to consider the alleged declarations of Marrison as against the defendant unless and until the evidence of the defendant's own conduct and statements satisfied them that he was engaged in a common purpose with the alleged co-conspirator. The jury were warranted in finding that a criminal conspiracy was thus established, and in then considering the declarations of Marrison, made in furtherance of the common purpose, to be in legal effect the statements of his absent partner. So far as this evidence was competent against the defendant, the order of introducing it was within the discretion of the presiding judge. *Commonwealth* v. *Smith,* 163 Mass. 411, 418. *Commonwealth* v. *Rogers,* 181 Mass. 184, 193. *Commonwealth* v. *Stuart,* 207 Mass. 563.

4. There is some doubt as to whether the defendant intended to waive his exception to the judge's refusal to give the rulings requested; but we have preferred to consider them. The first could not be given, as there was ample evidence that the defendant and Marrison conspired together to defraud Wesley A. Gove of more than $9,000 by means of a substantially worthless stock certificate. The sixth request suggests what at most would be an immaterial variance. There was no allegation of value in the indictment and none was necessary in the specifications. As matter of fact the Northern Pacific Railroad Company had no assets and its stock was not listed: whereas the Northern Pacific Railway Company's stock, which this was falsely represented to be, was wholly different in kind and quality and had a market value of about $118 a share. R. L. c. 218, § 35. *State* v. *Knowlton,* 11 Wash. 512. The remaining requests deal with questions of fact and their determination was for the jury.

*Exceptions overruled.*