EDNA M. WAKELEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

JOSEPH B. C. WAKELEY *vs.* SAME.

Suffolk.    January 19, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Street railway. *Carrier,* Of passengers. *Way,* Public. *Practice, Civil,* Interrogatories, Exceptions, Conduct of trial. *Witness,* Cross-examination.

A woman passenger on a street railway car, who by the express invitation of the conductor of the car is alighting after dark, in order to change to another car, at a place which is not a regular stopping place and which is in a portion of a street reserved by legislative authority for use by the street railway company, is entitled while alighting to the care due to a passenger, and it is the duty of the conductor to warn her in regard to a dangerous hole which has existed for some time at the place where he has invited her to alight.

At the trial of an action by a woman against a street railway company for personal injuries received when the plaintiff alighted from an open street car of the defendant and stepped into a depression, there was evidence tending to show that after dark the car was being run in a space in the middle of the street reserved under the authority conferred by St. 1894, c. 324, for the use of the defendant, that the conductor had told the plaintiff that in order to reach her destination she would have to transfer, at a station farther out on the line, to another car, that the car stopped at a place which was not a regular stopping place, when the conductor told the plaintiff to get off and to take a car behind instead of going on to the transfer station, that, when attempting to step from the running board of the car, the plaintiff's heel went into a depression between a plank or board and the curbing from four to six inches deep and ten or twelve inches long, that the hole had existed a considerable time before the accident and was in shadow and not easily observed in the darkness, and that the conductor did not assist the plaintiff to alight or give her any warning of the dangerous place into which she stepped. *Held,* that there was evidence of due care on the part of the plaintiff and of negligence on the part of the conductor in failing to warn the plaintiff of the danger of stepping into the hole.

Where, subject to his exception, a plaintiff has been compelled by order of a judge of the Superior Court to answer interrogatories propounded to him by the defendant, his exception to such an order properly is brought before this court, after a trial of the merits of the case before a different judge resulting in a verdict against him, by a bill of exceptions allowed by the judge who made the order.

It is improper, in the cross-examination of a plaintiff who improperly has been compelled to answer certain interrogatories propounded to him by the defendant, for the presiding judge to permit the use of such answers for the purpose

of contradicting the plaintiff or of showing that in them there were important admissions as compared with his testimony at the trial.

TWO ACTIONS OF TORT, the first by a married woman (hereafter called the plaintiff) for personal injuries sustained, as she was alighting from a street railway car of the defendant on Huntington Avenue near the corner of Greenleaf Street in Boston, by reason of her stepping into a depression in a space reserved for the defendant's cars by authority of St. 1894, c. 324; and the second action by her husband for consequential damages. Writs dated May 3, 1912.

Interrogatories were propounded to the plaintiff, many of which, as stated in the opinion, sought to require her to disclose the manner in which she proposed to prove her own case. The plaintiff at first refused to answer such of the interrogatories, but, on motion of the defendant, she was ordered to answer them by *Hardy*, J., who allowed a bill of exceptions to such order.

The cases afterwards were tried before *Wait*, J. The evidence material to the decision is described in the opinion. The interrogatories which, with the answers to them, were referred to by the counsel for the defendant in cross-examination of the plaintiff, as stated in the opinion, were as follows: "Describe fully how the alleged accident happened; state what you were doing, and what happened to you, in the order in which such events took place;" and "Please specify in what respect the place where you alighted was unsafe and dangerous as alleged in your declaration."

At the close of the plaintiffs' evidence, the trial judge ordered verdicts for the defendant; and the plaintiffs alleged exceptions.

*H. S. Davis*, for the plaintiffs.

*E. P. Saltonstall*, (*C. W. Blood* with him,) for the defendant.

RUGG, C. J. The female plaintiff (hereafter referred to as the plaintiff) was a passenger upon a car of the defendant on Huntington Avenue, going toward Brookline, after dark on an April evening. She was not familiar with the neighborhood. She told the conductor that she desired to go to Oak Square. He replied that she must change at Brookline Village. Shortly after, when the car had stopped two and a half car lengths from a white pole indicating a regular stopping place, the conductor told her

to get off and take the car behind, instead of going to Brookline Village. Thereupon, in attempting to step from the running board to the ground, the heel of one foot went into a depression in the ground between a plank or board and the curbing and she was injured. There was evidence tending to show that the plank or board was about two inches wide and extended a considerable distance parallel to the curbing. There was a depression, variously estimated in depth from four to six inches, and ten or twelve inches long, or perhaps longer. At this point the tracks of the defendant ran in a space in the middle of the street reserved for the use of street railways under the authority of St. 1894, c. 324. The conductor did not assist the plaintiff in alighting nor give any warning of the dangerous place into which she stepped. It might have been found that the depression was in shadow and not easily observed in the darkness.

Plainly the plaintiff might have been found to have been in the exercise of due care. *Keith* v. *Worcester & Blackstone Valley Street Railway,* 196 Mass. 478.

There was also evidence from which the jury might have found that the defendant was negligent. Its duty was to exercise the highest degree of care consistent with the conduct of its business, not only in transporting its passengers but in enabling them safely to alight at the end of the journey. The plaintiff's contract of carriage had not ended. She was transferring at the invitation of the representative of the defendant from one of its cars to another immediately following upon the same track. The relation of passenger and carrier probably was not ended under these circumstances. *Tompkins* v. *Boston Elevated Railway,* 201 Mass. 114. See *Powers* v. *Old Colony Street Railway,* 201 Mass. 66. But however that may be, the defendant owed at least as high a degree of duty to the plaintiff thus alighting as it would have owed at the end of her journey. Apparently the car of the defendant was not at a regular stopping place, but an appreciable distance away. The express invitation to the plaintiff by the agent of the defendant to change from one car to another under such circumstances and at that place imposed upon him the obligation to give her some warning of the danger which confronted her of stepping into the hole. While it is true that the "street is in no sense a passenger station, for the safety of which a street railway

company is responsible," *Creamer* v. *West End Street Railway,*
156 Mass. 320, 321, yet the combination of conditions here pre-
sented required the submission of the question of the defendant's
negligence to the jury.   In this respect the case is distinguishable
from *Thompson* v. *Gardner, Westminster & Fitchburg Street Rail-
way,* 193 Mass. 133.   The hole which caused the plaintiff's injury
might have been found from its physical features to have existed
a considerable time before the injury, and hence the case is distin-
guishable from *Rose* v. *Boston & Northern Street Railway,* 194
Mass. 415.

The defendant filed interrogatories to the plaintiff, which she
was directed to answer.   Some of these questions called for a
detailed description of precisely how the accident happened.   The
plaintiff's exceptions to being required to make these answers are
rightly before us.   *Brooks* v. *Shaw,* 197 Mass. 376.   The ques-
tions which she thus was compelled to answer were not competent
under R. L. c. 173, § 57, as amended by St. 1909, c. 225, in that
they required her to disclose the manner in which she proposed
to prove her own case.   *Looney* v. *Saltonstall,* 212 Mass. 69.   See,
however, St. 1913, c. 815.   As these interrogatories were not
offered in evidence, the plaintiff suffered no harm for which rem-
edy can now be afforded except that two answers were used in
cross-examination for the purpose of contradicting the plaintiff or
showing that in the answers then made by her there were impor-
tant omissions as compared with her testimony at the trial.   It
was improper to permit the plaintiff to be cross-examined
respecting answers which she had been compelled to make
contrary to law.

*Exceptions sustained.*