ROBERT SIEGEL *vs.* ANNA THERN.

Suffolk.   November 13, 1917. — January 5, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Admissions, Remoteness, Of value.  *Husband and Wife.  Agency,*
Existence of relation.

Where at the trial of an action of contract a material issue is, whether a certain
agreement for the sale of real estate, purporting to be signed and sealed by the
defendant's husband as her agent, was authorized by her, testimony of a witness,
that at a trial of another action between different parties he heard the defend-
ant testify that she gave full authority to her husband to do with the property as
he pleased, is admissible.

At the trial of an action for breach of a contract for the sale of certain real estate
by the defendant to the plaintiff, a real estate expert called by the plaintiff,
having stated that he viewed the premises about three weeks before the trial,
testified as to their value.  The defendant alleged a general exception to the
admission of the testimony, and in this court contended that the evidence was
inadmissible since it related to the value of the premises at the time of the trial
and not at the time of the breach of the contract.  *Held,* that the exception
must be overruled, because the record did not show that the witness was per-
mitted to testify as to the value of the premises at the time of the trial.

CONTRACT for breach of an agreement in writing and under seal
by the defendant to sell to the plaintiff premises at the corner of
Hansborough Street and Blue Hill Avenue in that part of Boston
which formerly was Dorchester.  Writ dated August 13, 1915. .

In the Superior Court the case was tried before *Morton, J.*

The testimony of the real estate expert, referred to in the opinion,
was that at the request of the counsel for the plaintiff he had
viewed the premises in question about three weeks before the trial
of the case in the Superior Court; that he did not go inside; that
he reached his estimate on the basis of the rental value; that
he was informed by the plaintiff that the rental was $140 per month;
that in his opinion the fair market value of the property was
$16,700, and that it was more valuable as a possible site for stores.

The defendant excepted generally to this evidence.

Other material evidence and exceptions of the defendant are
described in the opinion.  There was a verdict for the plaintiff in
the sum of $500; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. J. Gaffney & A. A. Sondheim,* for the defendant.

*F. P. Garland & S. B. Stein,* for the plaintiff.

CARROLL, J.   This is an action of contract for the breach of an agreement for the sale of real estate.   The agreement was signed by the plaintiff and by the defendant's husband, who was alleged to have acted for her with her authority.   The defendant excepted to the statement of a witness that at a trial in another case between "parties other than the parties to this suit," he heard Mrs. Thern testify "that she gave full authority to Mr. Thern to do with the houses as he pleased."   Clearly this evidence was admissible: it was an acknowledgment by the defendant that her husband was authorized to act for her.   *Phillips* v. *Middlesex,* 127 Mass. 262. *Stone* v. *Stone,* 191 Mass. 371, 376.

The cases of *Costigan* v. *Lunt,* 127 Mass. 354, and *Jaquith* v. *Morrill,* 204 Mass. 181, relied on by the defendant, are not in conflict with this decision.

A real estate expert, who viewed the premises about three weeks before the trial, testified as to their value.   It is the contention of the defendant that this evidence was inadmissible, because it was evidence of the value of the premises at the time of the trial, and not evidence of their value at the time when the agreement was broken, — more than a year before the date of the trial.   This exception must be overruled.   The record does not show that the witness was permitted to testify as  to the value of the premises at the time of the trial.

No other exceptions of the defendant are now argued on her brief, and we consider them waived.

                                        *Exceptions overruled.*