EMMA LENOUE *vs.* WORCESTER CONSOLIDATED STREET
RAILWAY COMPANY.

Worcester. September 28, 1926. — October 19, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence*, Street railway.

One who, upon alighting from a street car in a city, was injured by stepping into a hole in a State highway near the tracks of the street railway, which hole was three or four feet long, a foot wide, and six inches deep and had been there about a year and was worn in the surface of the macadam by heavy trucks, cannot maintain an action of tort against the street railway company if it does not appear that the company was responsible for the hole or under a duty to keep that part of the highway in repair.

TORT for personal injuries. Writ dated November 16, 1923.

In the Superior Court, the action was tried before *Irwin*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant in writing moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $700. The defendant alleged exceptions.

*S. B. Milton*, (*C. C. Milton* with him,) for the defendant.

*L. E. Stockwell*, for the plaintiff.

RUGG, C.J.   The plaintiff, alighting from a car of the defendant, on which she had been a passenger, at or near a regular stopping-place and near also to her home in Marlborough where she had lived many years, was injured between nine and ten o'clock in the evening of an October day by stepping into a hole in the State highway near the tracks of the defendant and described as three or four feet long, a foot wide, and six inches deep, which had been there about a year and which was worn in the surface of the macadam by heavy trucks. No warning was given to the plaintiff of any danger. Two other passengers preceded her in leaving the car without injury. The record discloses no negligence on the part of the defendant. The condition of the highway had been unchanged for a long time and was nothing for which the defendant was responsible. The case is indistinguishable from *Thompson* v. *Gardner, Westminster & Fitchburg Street Railway*, 193 Mass. 133, and is governed by its authority. This conclusion is supported in principle by *Bigelow* v. *West End Street Railway*, 161 Mass. 393, *Lee* v. *Boston Elevated Railway*, 182 Mass. 454, and *Kinnarney* v. *Milford & Uxbridge Street Railway*, 241 Mass. 127. The case is distinguishable from *Wakeley* v. *Boston Elevated Railway*, 217 Mass. 488. The numerous cases in other jurisdictions upon which the plaintiff relies cannot override the force of our own decisions. The defendant's motion for a directed verdict ought to have been granted. The case seems to have been fully tried. The exceptions must be sustained and in accordance with G. L. c. 231, § 122, judgment is to be entered for the defendant.

*So ordered.*