MARIE WILLIAMSON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SAME *vs.* CITY OF BOSTON.

Suffolk.    March 25, 1927.— April 6, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Public: defect.    *Negligence,* Street railway.

At the trial together of two actions of tort brought by the same plaintiff, one against a city and the other against a street railway company, for personal injuries received when the plaintiff stepped into a hole or depression in a public street upon alighting from a street car of the defendant company, there was evidence that the depression was about two feet from the street car track, was from six to twelve inches deep

and had existed for some time previous to the date of the accident; that the city's commissioner of public works had been notified of the hole, and that repairs had been made by the city which were ineffectual; that the city might have had reasonable notice of the defect and want of repair, and that the statutory notice had been given by the plaintiff to the city. The judge ordered verdicts for both defendants. *Held*, that

(1) A finding was warranted that the defect was the sole cause of the plaintiff's injuries, other concurring conditions which did not involve negligence or culpability, even if they came into causal relation to the accident, not relieving the city from liability;

(2) A verdict against the city would have been warranted; distinguishing *Boudreau* v. *Springfield*, 257 Mass. 105;

(3) A verdict for the defendant street railway company properly was ordered; following *Lenoue* v. *Worcester Consolidated Street Railway*, 257 Mass. 285.

Two ACTIONS OF TORT. Writs dated June 10, 1924.

The actions were tried together in the Superior Court before *Raymond*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered verdicts for both defendants and reported the actions to this court for determination, the parties agreeing "that in the event that the plaintiff had made out a *prima facie* case against one or both defendants and if the case against one or both defendants should have been submitted to the jury, the plaintiff was entitled to damages in the sum of $1,100, and that if the case should have been submitted to the jury, judgment should be entered for the plaintiff in that amount against one or both of the defendants, otherwise upon the verdicts."

*J. J. Donahue*, (*A. R. Shrigley* with him,) for the plaintiff.

*L. Powers*, for Boston Elevated Railway Company.

*A. J. Casey*, Assistant Corporation Counsel, for city of Boston.

CARROLL, J. These are two actions of tort for personal injuries. The city of Boston and the Boston Elevated Railway Company are the defendants.

The plaintiff, a passenger in one of the cars of the railway company, in alighting from the car between five thirty and six o'clock on the evening of October 2, 1923, stepped into a hole or depression in the street and was injured. The street, it was agreed, "was an accepted street of the city of

Boston." Statutory notice was given the city. The depression was about two feet from the car track; it was from six to twelve inches deep and had existed for some time prior to the date of the accident. There was evidence that the commissioner of public works of the city of Boston had been notified of the hole; that repairs had been made by filling the depression with "a soft filling" which "didn't last any time . . . the first truck that came along made an impression on it," and in "a month or maybe longer" it would be "eight or ten or twelve inches deep again." There was further evidence tending to show that the city might have had reasonable notice of the defect and want of repair. The jury could have found there was a defect in the way; that the city of Boston could have remedied the defect by the exercise of proper care and diligence; and that the plaintiff was in the exercise of proper care. G. L. c. 84, § 15. See *Marvin* v. *New Bedford,* 158 Mass. 464; *Williams* v. *Winthrop,* 213 Mass. 581. The defect must have been the sole cause of the plaintiff's accident to permit her to recover against the city of Boston. *Babson* v. *Rockport,* 101 Mass. 93. It could have been found, however, that this defect was the direct and proximate cause of the plaintiff's injury, and "other concurring conditions which do not involve negligence or culpability, even if they come into a causal relation to the accident, do not relieve the city or town from liability." *Block* v. *Worcester,* 186 Mass. 526, 528, and cases cited.

*Boudreau* v. *Springfield,* 257 Mass. 105, and similar cases where the depression was so slight as not to constitute a defect, are inapplicable.

In the case against the Boston Elevated Railway Company there was no evidence of negligence. A street railway company as a carrier of passengers may be liable for negligence in failing to warn a passenger of danger in alighting from one of its cars, or in failing to see that he alights in safety. *Wakeley* v. *Boston Elevated Railway,* 217 Mass. 488. See *Joslyn* v. *Milford, Holliston & Framingham Street Railway,* 184 Mass. 65; *Farrington* v. *Boston Elevated Railway,* 202 Mass. 315, 319–320. But without reviewing in detail the facts, the case against the Boston Elevated Railway Com-

pany in our opinion is governed in principle by *Lenoue v.*
*Worcester Consolidated Street Railway,* 257 Mass. 285, and
cases cited.

According to the terms of the report, judgment is to be
entered against the city of Boston in the sum of $1,100. In
the case against the Boston Elevated Railway Company
judgment on the verdict is to be entered for the defendant.

*So ordered.*