JOSEPH D. McMANUS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex. January 16, 1928.— March 1, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Street railway, In use of highway, Contributory. *Carrier,* Passenger.

If a street railway company, maintaining tracks and continuous passage for passengers from a town to an adjoining city over a river which separates them, while a new bridge was being constructed over the river by the metropolitan district commission permits its passengers from the town to the city to alight on a public way on the town side of the bridge, pass on foot on the public way to cars on the city side and continue their journey there while the intervening distance was in constant change due to the work of construction, the journey of such passengers does not come to an end when they leave the car in the town,

and, although the street railway company has no control over the street and is not responsible for its condition, it is under some obligation to stop its cars at safe places for passengers to alight or to give them warning of dangers confronting them because of the condition of the street; and, if a car is so stopped that, without a warning, a passenger stepped into a hole while alighting and was injured, the company may be found liable for damages so caused.

In an action for recovery of such damages, the mere facts, that the work of putting in the new bridge had been going on for some weeks or months and that this was known to the plaintiff, did not require as a matter of law a finding that negligence of the plaintiff contributed to his injuries.

TORT for personal injuries. Writ dated June 19, 1925.

In the Superior Court, the action was tried before *Gray*, J. Material evidence is stated in the opinion. The judge denied a motion that a verdict be ordered for the defendant. The jury found for the plaintiff in the sum of $500. The defendant alleged exceptions.

*A. F. Bickford*, for the defendant.

*J. J. Donahue*, for the plaintiff.

RUGG, C.J.  This is an action of tort to recover compensation for personal injuries. The plaintiff became a passenger on a car of the defendant on Arsenal Street in Watertown. It is stated in the bill of exceptions: "The Charles River intersects Arsenal Street and over the river on Arsenal Street there is a bridge, connecting Arsenal Street, Watertown, with Market Street, Brighton.  On April 29, 1925, and for some weeks before, the metropolitan district commission had been constructing a new bridge over the river, and it was necessary for passengers on electric cars coming from Watertown along Arsenal Street toward Allston to alight from the electric car on the Watertown side of the Charles River, cross the bridge and take an electric car on the Allston side of the Charles River.  Arsenal Street was a public highway.  The plaintiff was injured by stepping into a hole in the street while alighting from a car of the defendant company on the Watertown end of the bridge on Arsenal Street at about 11:45 P.M. preparatory to crossing the bridge and taking an elevated car on the other side."  Although this statement is not quite clear, we interpret it to mean that the defendant had maintained tracks over the bridge before the

construction of the new bridge, and had afforded to passengers from Arsenal Street in Watertown transportation over the bridge to Brighton, that this course of business was interrupted by the construction of the new bridge, and that the defendant permitted its passengers, after crossing the bridge on foot, to ride in its car on the Brighton side of the river as part of a continuous passage from Arsenal Street in Watertown upon the same terms as before the work of bridge construction had begun.   There was further evidence that, on the evening in question, the conductor of the car, when it came to a stop, called out, "'All change for car on the other side of the bridge' or something to that effect," and gave no warning as to the condition of the street; that the work of putting in the new bridge had been going on for some weeks or months and that this was known to the plaintiff, and that Arsenal Street was in rough condition with numerous holes.

If this had been the end of the plaintiff's journey with the defendant, and the plaintiff on leaving the car definitely ceased to be a passenger of the defendant, it is plain that he could not recover, because the defendant had no control over the street, was not responsible for its condition, and was under no duty to give warning as to the perils of the street.   This is settled by numerous decisions.   *Creamer* v. *West End Street Railway,* 156 Mass. 320.   *Thompson* v. *Gardner, Westminster & Fitchburg Street Railway,* 193 Mass. 133.   *Lenoue* v. *Worcester Consolidated Street Railway,* 257 Mass. 285, and cases there cited.   *Williamson* v. *Boston Elevated Railway,* 259 Mass. 229.   These decisions control in the case of a passenger using the street to make the ordinary transfer from one car to another in the course of a continuous journey.   *Niles* v. *Boston Elevated Railway,* 225 Mass. 570, 572; *S. C.* 230 Mass. 316.   The case at bar is different.   Interpreting the relation of the parties to be as already stated, that the journey of the plaintiff as passenger had not come to an end, that the defendant expected to resume actual transportation of him in one of its cars on the other side of the bridge, and that the intervening distance was in constant change due to the work of construction, there

was some obligation resting on the defendant as a common carrier to stop its car at a safe place for the plaintiff to alight, or to give him warning of the danger which confronted him of stepping into the hole as he left the car. We think that these peculiar circumstances required the submission of the question of the defendant's negligence, as well as of the due care of the plaintiff, to the jury. In principle the case is governed by *Wakeley* v. *Boston Elevated Railway*, 217 Mass. 488, 490. See *Tompkins* v. *Boston Elevated Railway*, 201 Mass. 114; *Powers* v. *Old Colony Street Railway*, 201 Mass. 66; *Gurley* v. *Springfield Street Railway*, 206 Mass. 534.

*Exceptions overruled.*