MARTHA GAST *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    January 9, 1930. — February 4, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Street railway. *Boston Elevated Railway Company. Evidence,* Competency, Relevancy and materiality. *Practice, Civil,* Exceptions.

A passenger on a street car of the Boston Elevated Railway Company who, having a transfer to another point on the system, alighted from the car on a summer morning in 1926 when it stopped at a "white pole" marking a regular stop, and thereupon was injured by stepping into a substantial hole in the paved thoroughfare about eighteen inches from the rail of the car tracks and about fourteen feet beyond the pole, could not maintain an action of tort against the company.

An exception to the exclusion of a question at the trial of an action must be overruled if it does not appear from the record what answer was expected.

There was no error, at the trial of the action above described, in excluding evidence relating to the conduct of a motorman of the defendant in stopping cars at the scene of the accident at other times.

At the trial above described, there was detailed evidence for the plaintiff as to the nature of the hole into which he stepped. *Held,* that it was proper to exclude evidence that there were places near the stopping pole where there were no holes in the street.

There was no error at such trial in excluding evidence bearing on the question, whether the hole was at the same place or a different place from that at which the plaintiff had been in the habit of alighting from cars when transferring at previous times.

TORT.   Writ dated September 11, 1926.

In the Superior Court, the action was heard by *Greenhalge*, J., without a jury.   Material evidence is stated in the opinion.   In the course of the plaintiff's testimony, the following occurred: "Q. [by plaintiff's counsel] Can you tell us where this hole that you fell in was, at the same place or was it in a different place from where you had been in the habit of getting out when you transferred prior to this date on August 2?" DEFENDANT'S COUNSEL: "I object to that." The plaintiff made the following offer of proof: PLAINTIFF'S COUNSEL: ". . . I offer it as to her own due care.   Second, I offer it to show this car was stopping beyond the white pole.   I offer it, third, for the purpose to show that the car stopped beyond its regular stopping place.   Therefore, I offer it . . . to show that this car stopped not at the regular stopping place, and therefore, the El was negligent in stopping the car at that point." The judge excluded the evidence and the plaintiff's exception was duly noted.

At the close of the evidence, the judge ruled that South Huntington Avenue, where the accident happened, was a paved thoroughfare; and allowed a motion by the defendant that a finding be made for the defendant on all the evidence.   The plaintiff alleged exceptions.

*W. A. Graustein*, attorney in fact, for the plaintiff.

*C. S. Walkup, Jr.*, for the defendant.

CARROLL, J.   The plaintiff was injured by stepping into a hole on South Huntington Avenue at the intersection of Huntington Avenue, Boston, as she alighted from one of the defendant's cars about nine o'clock in the morning on August 2, 1926.   The case was heard, together with an action against the city of Boston, by a judge of the Superior Court without a jury.   There was a finding for the plaintiff in the sum of $4,000 against the city of Boston.   In the case before us, the defendant at the close of the evidence moved that the judge

find for the defendant on all the evidence. This motion was allowed and the plaintiff excepted.

There was conflicting evidence as to the exact location of the hole and its dimensions. Witnesses testified that it was fourteen or fifteen feet beyond the white pole which marked the regular stop at this point. One witness testified "the hole was within two or three feet from the white pole." There was evidence that the hole was from two inches to seven inches deep and eighteen inches from the car rail, about twenty-seven inches long, and twenty-three inches wide. The judge found that South Huntington Avenue, where the accident happened, was a paved thoroughfare. The record does not show that the plaintiff excepted to this finding. The plaintiff asked for certain rulings; it does not appear that she excepted to the refusal to give these rulings. The judge viewed the scene of the accident, and the type of car in question was stopped near the hole for his inspection. The plaintiff testified she had a transfer to Brookline, and when the car stopped she left it by the front door. There was evidence to support the finding that South Huntington Avenue at the place of the accident was a paved street and the duty of repair of the highway by the Boston Elevated Railway Company was confined to the space occupied by its tracks. St. 1923, c. 358. *Schneider* v. *Boston Elevated Railway*, 259 Mass. 564.

The plaintiff contends that the defendant was negligent in stopping the car where it did, and in allowing her to alight at a place where there was danger of falling into the hole. Assuming that the issues raised by the plaintiff are open upon the record, we consider them in the order they are discussed in the plaintiff's brief. The judge found the facts; his findings, if there was any evidence to sustain them, are not to be disturbed.

It was not negligence for the defendant to stop the car where it did. It may have been found that under all the circumstances there was no negligence in stopping the car where it was stopped or in failing to warn the plaintiff of the defect in the street. There was no repair work going on at the time, it was daylight, and the plaintiff was about

to use the street to make a transfer from one car to another. *McManus* v. *Boston Elevated Railway*, 262 Mass. 519, where construction of a bridge was going on where tracks had been previously maintained, and passengers were permitted after crossing the bridge to ride in its cars as part of a continuous passage, is not applicable.   Nor does *Wakeley* v. *Boston Elevated Railway*, 217 Mass. 488, apply, where the plaintiff was transferring from one car to another immediately following upon the same track, at the invitation of the defendant.   The case is governed by *Lenoue* v. *Worcester Consolidated Street Railway*, 257 Mass. 285, holding that a street railway company, which has no control over a street and is not responsible for its condition, is not liable to one of its passengers who on leaving the car was injured by the defect in the highway.

There was some evidence indicating that a part of the granite paving adjoining the track was missing and that this was the cause of the defect.   But we do not know what the judge's findings were on this matter.   He may have found that none of the paving was defective; he viewed the premises and heard the witnesses, and his particular findings are not before us.

One of the witnesses for the plaintiff was asked if he knew "whether there was any smooth places there where there was no hole where this car could stop."   The question was excluded; the plaintiff excepted.   It does not appear what answer was expected to this question.   As it is not shown that the plaintiff was harmed by the exclusion, there was no error.

The plaintiff also excepted to the exclusion of the question, "Will you explain what you observed when the motorman had stopped the cars there?"   The offer of proof made in connection therewith shows that it related to the conduct of motormen in stopping cars at other times.   There was no error in this ruling.

The plaintiff asked a witness, "Was there any place near the white post where there were no holes on South Huntington Avenue?"   This was excluded; no offer of proof was made.   We do not know what the witness would

have said in answer to the question, or what the plaintiff expected to show. We discover no error in the exclusion of the question.

The plaintiff asked one of her witnesses if there were places where there were no holes on South Huntington Avenue near "where this white post was," and offered to show that there were such places. There was no error in excluding this question. The plaintiff had introduced evidence showing the particular place where she fell, with a complete description of the nature, size and location of the defect. The judge was not required to admit the evidence.

There was no error in the manner in which the judge dealt with the question as to where the plaintiff was in the habit of leaving the car.

*Exceptions overruled.*