MARIE B. COYNE *vs.* TOWN OF ARLINGTON.

Middlesex. February 7, 1951. — March 28, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Way,* Public: defect. *Negligence,* Street railway: defect in street; Bus.

At the trial of an action against a municipality for injuries sustained by the plaintiff upon stepping into a hole in a public way while alighting from a street railway bus at a place not within the area of a regular bus stop, where the judge correctly instructed the jury that "it must appear that the defect was the sole cause of the . . . injuries, that is, that the negligence of a third party did not contribute to cause" them, an instruction requested by the plaintiff that a "street railway company which has no control over a street and is not responsible for its condition is not liable to one of its passengers who on leaving the car was injured by a defect in the highway" was too broad and was properly refused.

TORT. Writ in the Superior Court dated June 14, 1946. The action was tried before *Leary*, J.

.*F. V. Hanify*, for the plaintiff.

*R. T. Hamlet*, (*P. J. Kirby* with him,) for the defendant.

LUMMUS, J. This is an action of tort for personal injuries to the plaintiff caused by an alleged defect in a public way in the defendant town. After a verdict for the defendant, the case comes here on the plaintiff's single exception to the refusal of one instruction requested by the plaintiff. The evidence for the plaintiff was that on November 15, 1945, while she was alighting from a Boston Elevated Railway bus, she stepped into a hole four inches deep, a foot long, and six inches wide, within the confines of a crosswalk in a much travelled place in a public way, which hole had existed for at least a month, along the daily route of the defendant's police officers. The hole was not within the area of a regular bus stop. There was no evidence that the Boston Elevated Railway or anyone other than the defendant town had control of or responsibility for the area where the hole existed.

The judge instructed the jury that "Where a person is hurt because of a defect it must appear that the defect was the sole cause of the person's injuries, that is, that the negligence of a third party did not contribute to cause it." That instruction was correct. *Whalen* v. *Boston*, 304 Mass. 126. *Carroll* v. *Lowell*, 321 Mass. 98, 100.

The requested instruction, to the refusal of which the plaintiff excepted, was that "A street railway company which has no control over a street and is not responsible for its condition is not liable to one of its passengers who on leaving the car was injured by a defect in the highway."

The requested instruction is in the words in which the point decided in *Lenoue* v. *Worcester Consolidated Street Railway*, 257 Mass. 285, is stated in *Gast* v. *Boston Elevated Railway*, 270 Mass. 330, 333. In the *Lenoue* case a passenger alighting from a car in the evening and stepping into a large hole in the street was held as matter of law not entitled to recover against the railway, although the hole had

existed a long time and the plaintiff was given no warning. The case of *Williamson* v. *Boston Elevated Railway*, 259 Mass. 229, is similar. But in that case at page 231 it is said that "A street railway company as a carrier of passengers may be liable for negligence in failing to warn a passenger of danger in alighting from one of its cars, or in failing to see that he alights in safety." In a number of reported decisions recovery against a street railway has been allowed in such cases. *Wakeley* v. *Boston Elevated Railway*, 217 Mass. 488. *McManus* v. *Boston Elevated Railway*, 262 Mass. 519.

The requested instruction was abstract in nature, and stated as a universal truth that a street railway is not liable for an injury to a passenger because of the condition of the street in which he is permitted to alight. In our opinion it was too broad, and the judge was not required to give it.

*Exceptions overruled.*