EMMA M. BROWN *vs.* METROPOLITAN TRANSIT AUTHORITY.

Suffolk.    November 7, 1960. — February 2, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Negligence,* Bus, Manhole cover.  *Practice, Civil,* Auditor: use of report.
*Snow and Ice.  Notice.  Evidence,* Admissions and confessions.

There was irregular procedure at the trial of an action, but it was not
harmful to the defendant, where, although an auditor's report which the
plaintiff's counsel read in his opening to the jury was never formally
offered in evidence by either party, the judge referred to the report in
his charge and subsequently directed that the report be given to the
jury for consideration during their deliberation.    [691–692]

A finding of negligence on the part of the operator of a bus toward a
passenger thereon was warranted by evidence that the bus was stopped
in a station, and the passenger directed to alight, at a place where there
was a "worn smooth," wet manhole cover on which the passenger slipped
and fell and was injured.    [693]

A written notice, given to the proprietor of a bus station and a bus by a
passenger injured in a fall upon a slippery manhole cover while alight-
ing from the bus in the station, stating the passenger's name and address
and the date of the accident, but merely referring to a "claim against"
the proprietor "for personal injuries sustained as a result of the negli-
gence of . . . agents, servants or employees" of the proprietor "in" the
station, would not be a sufficient notice under G. L. c. 84, §§ 18, 21,
of a claim based on a defective condition of the station through
ice on the manhole cover.    [694–695]

Testimony by a party to an action at a hearing before an auditor was
admissible at a subsequent trial of the action not only to impeach the
credibility of the party in giving contrary testimony at the trial but
also as binding admissions by her admissible for all purposes.    [695]

TORT.    Writ in the Municipal Court of the City of Boston
dated November 16, 1956.

Upon removal to the Superior Court the action was tried
before *Vallely,* J.

*James C. Roy,* for the defendant.

*Lovell S. Spaulding, Jr.,* for the plaintiff.

WILKINS, C.J.   In this action of tort for personal in-
juries received on January 13, 1956, in the defendant's

Dudley Street station there was a verdict for the plaintiff on each of two counts. The first count alleged that the plaintiff was a passenger in the defendant's bus and was hurt because of the defendant's negligence in its operation. The second count alleged that the defendant negligently permitted the station and premises to become defective and unsafe, and was negligent in their maintenance, whereby the plaintiff was hurt. An amendment to each count alleged that due and proper notice of her injury was "made" by the plaintiff and received by the defendant.

The case was referred to an auditor whose findings were not to be final. He found that no notice was given under G. L. c. 84, § 14. This is an obvious error for § 21. He further stated that if on his findings such notice was required as a condition precedent to maintaining an action, he found for the defendant; but that if such notice was not required, he found for the plaintiff in the sum of $3,000.

At the jury trial the plaintiff's counsel in his opening statement read the auditor's report, but neither counsel offered it in evidence. The judge referred to the report in his charge, and later, subject to the defendant's exception, directed that the report be given to the jury for consideration during their deliberation. Other exceptions are to the denial of the defendant's motion for a directed verdict and to the charge.

1. The procedure as to the auditor's report was irregular. The failure to introduce in evidence after reading it during the opening statement was undoubtedly due to oversight. Had it been formally offered, there would have been an opportunity to rule upon the alternative findings relative to the question of notice. G. L. (Ter. Ed.) c. 221, § 56. See *Papetti* v. *Alicandro*, 317 Mass. 382, 390. The question of notice will be discussed on an exception to the charge.

The judge could earlier have required the report to be put in evidence. See *Clark* v. *Fletcher*, 1 Allen, 53, 55–56; *Briggs* v. *Gilman*, 127 Mass. 530, 531; *Quincy Trust Co.* v. *Taylor*, 317 Mass. 195, 199. The defendant did not ask to

present further evidence. Apparently the ground of its complaint is that the report was given to the jury at some time after the completion of the arguments. If the defendant's counsel desired to make a further argument, he should have brought such a request expressly to the attention of the judge. In any event, no harm is apparent. The jury had already heard it. This exception is overruled. The motion for a directed verdict is to be considered with the auditor's report treated as part of the evidence.

2. The crux of the plaintiff's case, both under the first count for negligent operation of the bus and under the second count for negligent maintenance of the station, is the condition of a manhole cover at the point where the plaintiff was directed to alight. Her injuries may have been caused in part by snow and ice, and if they were, there is a question as to the validity of a notice.

Findings of the auditor are these. The bus arrived at the station about 5:15 P.M. It was the "rush hour." There were a number of other passengers. The plaintiff was seated in about the middle of the bus which "pulled in" and came to a full stop on the lower level at the Warren Street end. The operator caused the doors at the front and rear to open, and all the passengers except the plaintiff alighted. She was holding onto bars or handles at the front door, which was open, when a starter directed the operator to move forward. The operator complied. After moving an unstated distance, he said, "Madam, you may leave now."

At this moment the bus must be taken to have been brought to a stop. The plaintiff testified that the bus was not moving forward, "it was just shaking." The auditor stated that he was unable to find whether the bus had come to a full stop, but that the bus was still "quivering" and "jittery like."

Other findings of the auditor are the following. The plaintiff stepped on a manhole cover, adjacent to the step, and slipped. She made an effort to right herself, and slipped again and fell "sprawled" on the cover. When she stepped off the bus she did not see the cover, which was "worn smooth; it was shiny and wet; there was also a film

of ice'' on it.   Rain had been falling during the day.   It was very cold.   The lower level surface of bituminous macadam was wet with slush, a mixture of water and ice.

The plaintiff testified that at the time she got off the bus she first placed her left foot on the cover; that her left foot slipped on the cover; and that she attempted to brace or save herself after partially going down and then her right foot slipped on the cover.   She also testified that in answer to an interrogatory she had said:, ''I was alighting from the bus in which I was a passenger.   The bus driver discharged me over a smooth, worn, icy, wet manhole cover that was directly in my path as I stepped down and I slipped on that manhole cover and fell to the ground.''   Two police officers were called by the plaintiff.   One testified that it was a ''slushy day''; that there was ice on the streets; that all around the cover it was icy and slushy; but that the cover itself was wet and free from ice.   The other officer testified that the day was ''very, very cold''; and that the cover looked shiny as if there was a glare of ice on it.

There was an obligation on the defendant as a carrier to stop its bus at a safe place for passengers to alight or to give warning of danger in alighting.   *Wakeley* v. *Boston Elev. Ry.* 217 Mass. 488, 490.   *McManus* v. *Boston Elev. Ry.* 262 Mass. 519, 521–522.   See *Coyne* v. *Arlington,* 327 Mass. 233, 235.   We think that there was a case for the jury on count 1.   They could find that the worn manhole cover when wet was dangerous to descend upon from the step of a bus (see *Muldoon* v. *Fuller, ante,* 395; *Murray* v. *Donelan,* 333 Mass. 228), and that in the circumstances it was negligent to direct the plaintiff to alight on or near it.

Our present duty does not involve any analysis of the evidence with respect to count 2.   The plaintiff's brief contains this statement: ''This count which is a variation of the plaintiff's cause of action assumes that the plaintiff's passenger status had terminated at the time of her fall and depends upon evidence showing negligent maintenance of the station premises.''   See, for example, *Klein* v. *Boston Elev. Ry.* 293 Mass. 238, 240.   It is entirely clear that the plaintiff's passenger status had not terminated.

3. The judge charged the jury that by statute "if this cover was covered with ice and that in whole or in part caused the plaintiff's injury," a written notice was required within thirty days; that "that notice must specify the name and address of the party injured, the time and place of the injury, and the cause of the injury," and must be signed by the party or by someone on her behalf. The judge left to the jury the decision whether there was sent a letter dated February 6, 1956, addressed to the claim department of the defendant, and signed by counsel for the plaintiff. Subject to the defendant's exception, the judge ruled that, if sent, the letter would be a sufficient notice.

This letter, so far as material, contained the following: "Kindly be advised that we represent Mrs. Emma M. Brown of 305 Highland Street, Roxbury, on her claim against you for personal injuries sustained as a result of the negligence of your agents, servants or employees on January 13, 1956, in Dudley Street Station, Roxbury." There is nothing directing attention to a defective condition of the premises or indicating that a claim was being made for which a statutory notice was required.

General Laws c. 84, § 21 (as amended through St. 1955, c. 505), provides: "The three preceding sections, so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons founded upon the defective condition of their premises . . . when caused by or consisting in part of snow or ice resulting from rain or snow and weather conditions . . . ." Section 18, as amended through St. 1933, c. 114, § 1, provides for a notice which gives "the name and place of residence of the person injured, and the time, place and cause of said injury or damage . . . ."

The letter was not sufficient to put the defendant on guard that such a claim was being made. See *Blanchard* v. *Stone's Inc.* 304 Mass. 634, 638; *Hebb* v. *Gould,* 314 Mass. 10, 13–14; *Laskowski* v. *Manning,* 325 Mass. 393, 400; *Watts* v. *Rhodes,* 325 Mass. 697, 699–701. No counter notice was required under G. L. c. 84, § 20, as amended through St. 1939, c. 147.

There was error in the charge on the question of notice. The judge referred only to snow and ice. We are not sure whether the defendant also contends that a notice was required even if there was a defective condition to which snow and ice did not contribute.[1] There were no requests to that effect. We consider only the exception to the charge as given.

4. At the jury trial the plaintiff testified that there was no ice on the manhole cover. Later the stenographer at the trial before the auditor testified that the plaintiff's testimony then was that the cover had ice on it, and that it was covered with ice. The judge ruled that this evidence was limited to impeaching the credibility of the plaintiff. At that time the defendant did not except. In the charge the judge restated his ruling that the testimony had been admitted for the limited purpose, and the defendant then excepted. This exception to the charge shows no error. But since the question of evidence may arise at another trial, we point out that the plaintiff's testimony before the auditor constituted admissions by her which were admissible for all purposes. *Commonwealth* v. *MacKenzie,* 211 Mass. 578, 580. *Flye* v. *Hall,* 224 Mass. 528, 530. *Siegel* v. *Thern,* 229 Mass. 172, 173. *Commonwealth* v. *Dyer,* 243 Mass. 472, 506. *Langan* v. *Pianowski,* 307 Mass. 149, 152.

*Exceptions sustained.*

---

[1] The plaintiff's brief states that the ''defendant apparently contends it is entitled to statutory notice both under G. L. c. 161, § 89, . . . and also under c. 84, § 24.'' Neither statute is cited in the defendant's brief.