A demurrer to the counterclaim by the appellant, one of the nine attaching creditors, who had brought an independent bill to reach and apply the same fund, was overruled. In the interpleader a final decree was entered disposing of the fund to counsel and a creditor other than the appellant, whose independent bill to reach and apply was thereupon dismissed. The case is before us solely on the pleadings and the decrees. The demurrer alone has been argued. There was no error. The bank's counterclaim sufficiently averred that two or more parties were asserting a right to the funds in its hands. *LaCentra* v. *Jackson,* 245 Mass. 14, 18. *Antonellis* v. *Weinstein,* 258 Mass. 323, 325. · The case falls within the accepted rule as to interpleader stated in *Gonia* v. *O'Brien,* 223 Mass. 177, 179.

*Alvin Jack Sims* for Modern Builders Supply Co., Inc.

*A. Stanley Littlefield* for Evans.

MODERN BUILDERS SUPPLY CO., INC. *vs.* GUY E. DARKER & another. December 3, 1962. Final decree affirmed. See "brief statement of the grounds and reasons of the decision" in *Perkins* v. *Darker,* decided herewith.

*Alvin Jack Sims* for the plaintiff.

MYRTLE LANGTON *vs.* PAUL R. MASON. December 3, 1962. Judgment for the defendant. This is an action of tort to recover damages for personal injuries resulting from a fall on January 15, 1960, while alighting from the defendant's taxicab. There was evidence that the plaintiff's home was at 22 Bowers Street, West Springfield, Massachusetts. It was about 5 P.M. and the weather was cold. Bowers Street was "snow-covered and slippery." The plaintiff entered the cab and stated to the driver, "You are going to bring me to 22 Bowers Street," and the driver said "Yep." There were no chains on the taxicab and the driver was unable to "go any further" than "to a point about one hundred feet diagonally across the street from the plaintiff's home." There were snowbanks on each side of Bowers Street. The cab stopped next to a snowbank. After the plaintiff paid her fare she proceeded to alight "by the rear right-hand door." She tried to open the door and "[i]t wouldn't open." She "pressed a little harder and it opened" and as she went to put her left foot in the snowbank, the "door gave" and she "went out." As a result of the fall the plaintiff suffered injuries. The plaintiff excepted to the allowance of a motion for a directed verdict for the defendant. The case is here on a report by the trial judge. Although there was an obligation on the defendant as a carrier to stop the cab at a safe place for the plaintiff to alight or to give warning of danger in alighting (see *Brown* v. *Metropolitan Transit Authy.* 341 Mass. 690, 693), the evidence does not show that in following the plaintiff's instructions the driver could have proceeded any farther along Bowers Street to a safer place. The plaintiff was just as much aware of the weather conditions as was the driver. The record discloses no negligence in the circumstances on the part of the defendant. *Lenoue* v. *Worcester Consol. St. Ry.* 257 Mass. 285, 286. There was no error.

*William L. Cohn* for the plaintiff.

*Frederick S. Pillsbury,* for the defendant, submitted a brief.

JOHN S. FRADE *vs.* EUGENE M. COSTA & another. December 3, 1962. Order dismissing report affirmed. In amplification of his general finding for the defendants in this action for false arrest, the judge made special