*Western District*

## MARY KENNEY

### v.

## INHABITANTS OF THE TOWN OF MILFORD
### and
## JOHNSON BUS LINES, INC.

Argued: Jan. 9, 1967    Decided: Feb. 21, 1967

*Present:* Garvey, P.J., Moore, J. and Allen, J.

Tried to: *MacIntosh, J.* in the First District Court of Eastern Worcester, No. 7083

*Garvey, P. J.* In this negligence action, transferred for trial to the District Court under the provisions of G.L. c. 231, § 102c, the plaintiff seeks to recover damages for personal injuries she sustained when alighting from a bus owed and operated by the defendant Johnson Bus Lines, (Bus Line) in the Town of Milford.[1]

There was a finding for the plaintiff and after the untimely death of the trial judge, on petition by the Bus Line, the report was established by the Appellate Division.

The trial judge made extensive subsidiary and general findings of fact which we summarize.

> "The plaintiff, a short obese woman, sixty-six years of age, as a paying passenger used the services of the Bus Line two or three times a week for many years travelling between her home in West Medway and Milford. On the day of the accident, November 30, 1962, (time of day not given) she told the bus operator she wanted to get off at the fire station which was at

---

[1] Before trial upon the payment to the plaintiff of the sum of Two Hundred ($200.00) Dollars by the Town of Milford these parties filed a "neither party" agreement.

the end of the line and was the place where she usually left the bus. It had always been the custom of the bus operator to stop at the curbing and let her off onto the sidewalk.

"In Milford, while the bus was 'just coasting along', the driver turned to the plaintiff and said 'Here it is', stopped the bus and opened the door. Instead of driving up to the curbing of the sidewalk, the bus had stopped in what is commonly termed the 'travelling lane' of Main Street. There was another lane between the travelling lane and the sidewalk for parking motor vehicles . . . The plaintiff took hold of 'the pole' and descended the stairs of the bus. When her right foot was on the bottom step she lowered her left foot to the pavement. She looked down to the street before she stopped off but her size and shape prevented her from seeing it. She was wearing 'nurse's shoes'. She stepped into a defect in the way, her left heel caught in the pavement, and she fell to the street and was injured.

"I further find that the bus driver was negligent in stopping the bus in the travelling lane and discharging his passenger nine feet from the sidewalk at a place where he knew[2] a defect existed in the pavement

[2] At the hearing on the petition to establish the report

and which he should have known and recognized as a place of danger."

" '(T)he defect was located thirty feet from the fire station'." By actual measurement . . . the defect consisted of a broken area in the surface of the concrete four inches wide, two feet long and one and one-half inches deep."

The defendant's requests for rulings of law, all denied, read:

1. On all the evidence, the plaintiff is not entitled to recover against the defendant, Johnson Bus Lines, Inc.

2. On all the evidence and the pleadings, the plaintiff is not entitled to recover against the defendant, Johnson Bus Lines, Inc.

3. On all the evidence and on the law, the plaintiff is not entitled to recover against the defendant, Johnson Bus Lines, Inc.

4. If the plaintiff received injuries as a result of a fall on a public way, then she is not entitled to recover. *Lenoue v. Worcester Consolidated Street Railway Company*, 257 Mass. 285.

---

the bus operator testified that at the trial he testified he did not know of the defect until after the accident.

The trial judge, in his findings, said: "I specifically find that the defect was not only apparent to even a casual observation but I further find, from the testimony of the bus driver, that the driver actually 'saw the defect' before he stopped the bus."

5. If the plaintiff received injuries as a result of a fall on a public way, she is not entitled to recover, even if the fall was caused by a defect in said public way. *Lenoue* v. *Worcester Consolidated Street Railway Company,* 257 Mass. 285.

6. The plaintiff is not entitled to recover for injuries sustained as a result of a fall on any portion of a public way, which the defendant does not control, or for the condition of which the defendant is not responsible. *Gast* v. *Boston Elevated Railway,* 270 Mass. 330.

There was no error in their denial. Rule 27 of the Rules of the District Court (1965) requires that a request "upon all the evidence" be accompanied by specifications "in a case admitting of specification." The Bus Lines' first three requests were in this category and were therefore properly denied. *Wainwright* v. *Jackson,* 291 Mass. 100, 101-102; *Forbes* v. *Gordon & Gerber, Inc.,* 298 Mass. 91, 95; *Okin* v. *Sullivan,* 307 Mass. 227, 228; *Dellamano* v. *Francis,* 308 Mass. 502, 503.

The trial judge's findings made requests numbered four, five and six immaterial and their denial proper. *Bresnick* v. *Heath,* 292 Mass. 293, 298; *Strong* v. *Haverhill Electric Co.,* 299 Mass. 455; *Marquis* v. *Messier,* 303

Mass. 553, 555-556; *Home Savings Bank* v. *Savransky*, 307 Mass. 601, 603-604.

The rule of law applicable to the facts found by the trial judge was stated in *Brown* v. *Metropolitan Transit Authority*, 341 Mass. 690. At page 693 the court said:

> "There was an obligation on the defendant as a carrier to stop its bus at a safe place for passengers to alight or to give warning of danger in alighting. They [the jury] could find that the worn manhole cover when wet was dangerous to descend upon from the step of a bus and that in the circumstances it was negligent to direct the plaintiff to alight on or near it. It is entirely clear that the plaintiff's passenger status had not terminated."

See also *Langton* v. *Mason*, 345 Mass. 764; *Weinberg* v. *Massachusetts Bay Transportation Authority*, 348 Mass. 669. The evidence warranted the findings by the trial judge.

The facts here are clearly distinguishable from those present in *Lenoue* v. *Worcester Consolidated Street Railway Company*, 257 Mass. 285; *Gast* v. *Boston Elevated Railway*, 270 Mass. 330, and *Thompson* v. *Gardner, Westminster and Fitchburg Street Railway Company*, 193 Mass. 133, relied on by the defendant. The issues of contributory negligence and mitigation of damages argued by the Bus Line in its brief were not raised by requests for a ruling of law and are therefore not considered

by us. We observe, however, that it is apparent from a reading of the report that they received the careful consideration of the trial judge.

**The report is to be dismissed.**

Moore, J. does not concur in this opinion.

JAMES G. REARDON

of Worcester for the plaintiff

ROBERT B. SHUMWAY

of Worcester for the defendant