*Municipal Court of the City of Boston*

No. T-21684

**ELLEN TUTELA**

v.

**MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY**

Argued: Feb. 19, 1971 - Decided: March 4, 1971

*Present:* Adlow, C.J., Canavan, J.

Gorrasi, Spec. J.

Case tried to *Gillen, J.*

**Canavan, J.** This is an action of tort to recover for personal injuries to the plaintiff, received by her on December 8, 1967 while she was leaving a bus on Bunker Hill Street, in Charlestown, Massachusetts.

The plaintiff at the trial introduced evidence which would warrant the trial judge in finding that on December 8, 1967 at about 9:00 P.M., in darkness, the plaintiff, a woman, boarded a bus of the defendant at City Square, Boston; that her destination was Bunker Hill Street, Boston; that the bus stopped below the O'Meara Court bus stop and in the middle of the street about one to two car-length widths from the curb; that she left the bus going down two steps and fell out into the street as she stepped from the bottom step to the street; that the ground was wet; that there were two signs at the curb about two or three car lengths apart, indicating a bus stop and that she observed no obstructions or vehicles between the signs or at the curb which would have prevented the bus from stopping adjacent to the curb so that she could step from the bottom step of the bus to the curb; that she had always been allowed to step from the bus to the curb on all past occasions when she took

this bus route; that she had taken this same bus route 3 or 4 times a week for in excess of 5 years in the past; that the distance from the bottom step of the bus to the middle of the street was longer than from the bottom step of the bus to the curb.

The defendant called no witnesses and produced no evidence in its own behalf.

At the close of the trial and before final argument, the defendant made the following requests for rulings:

1. The plaintiff is not entitled to recover in this action because the mere happening of an accident is not evidence of negligence.

2. The plaintiff is not entitled to recover because there is no evidence that the defendant left the plaintiff in an unsafe place.

3. The plaintiff is not entitled to recover in this matter because the plaintiff has not shown a defect existed that caused the plaintiff's injury.

4. There is no evidence that the conduct of the defendant caused the plaintiff's injury.

The court acted upon the requests as follows:

"Defendant's requests denied. I find the agent of the defendant was negligent in letting plaintiff off in the street. There were two vacant spots at the curb where plaintiff could have reached the sidewalk if the operator had stopped adjoining the sidewalk. Signed, Gillen, J." The court found for the plaintiff in the amount of $1,500.

Plainly the plaintiff might have been found

to have been in the exercise of due care. *Keith v. Worcester & Blackstone Valley St. Ry.*, 196 Mass. 478.

The question to be decided is whether the trial judge was warranted in finding the defendant negligent. We think not. This case is indistinguishable from the case of *Tefft v. Boston Elevated Ry. Co.*, 285 Mass. 121, where the plaintiff had been carried by a regular stopping place where she had requested to be permitted to alight; the motorman stopped the car at a point 100 feet beyond such regular stopping place and opened the door; that the plaintiff, without requesting aid, alighted there; that at that point the distance between the car stop and the surface of a reserved space upon which the tracks were was one foot greater than it was at the regular stopping place; that it was dark at that place and wet and muddy; that the motorman did not warn the plaintiff nor assist her to alight; that her foot sank in the mud and she was injured. There was no evidence that the car stop was improper or that the reservation at or near the place where the car stopped was one which, by reason of its contour or relation to surrounding conditions, was unsuitable for the discharge of passengers. The court held that in the circumstances the motorman was under no duty to assist the plaintiff in alighting and that there was no evidence of negligence on the part of the defendant. It is to be noted that in that case the plaintiff argued that the motor-

man, in view of the unusual distance of the step from the ground and the soggy condition of the reservation at the place where the car stopped, was guilty of negligence in not warning her of the danger in alighting, or in not assisting her off the car.

The plaintiff cites cases from other jurisdictions wherein under similar facts the court held the plaintiff liable to the defendant. As the court said in the case of *Lenoue* v. *Worcester Consolidated Street Ry. Co.*, 257 Mass. 285 at page 286 —

"The numerous cases in other jurisdictions upon which the plaintiff relies cannot override the force of our own decisions."

Accordingly, we find in the record no evidence to warrant a finding of negligence of the carrier or of its servant in the case at bar.

**Finding for the plaintiff vacated. Judgment to be entered for the defendant.**

ELLIOTT J. MAHLER
    for the Plaintiff.

THOMAS L. SULLIVAN
    for the Defendant.